JOHNNY JAMES JONES v. STATE OF ARKANSAS

5505                                                      453 S. W. 2d 403

Opinion delivered May 11, 1970

[Rehearing denied June 1, 1970.]

*Walton Mauarras,* for appellant.

*Joe Purcell,* Attorney General; *Michael Barrier,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant, Johnny James Jones, was found guilty of rape and sentenced to thirty years imprisonment. His plea for reversal is based on a single point, namely, alleged improper remarks in the closing argument of the prosecuting attorney.

The defendant elected not to testify. The prosecutor made these statements concerning the whereabouts of the accused on the morning of the alleged rape:

I leave you with a thought. Johnny James Jones knows where he was on that morning. . . . Johnny

James Jones knows where he was on the 9th of July at 8:30 in the morning. There are two people who know where he was—Mrs. Linda Hicks [prosecutrix] and Johnny James Jones.

Defense counsel immediately interposed this objection:

Your honor, at this time I would have to object to the reference, 'Johnny James Jones knows where he was on the 9th of July.' We do not have to prove his innocence. The State proves guilt and Mr. Jones certainly does not have an obligation to tell the jury where he was.

THE COURT: That's true. Your objection is sustained in that respect.

The closing argument was shortly concluded without further incident. Then followed the instructions to the jury as to forms of verdicts, whereupon the jury retired to deliberate. Shortly thereafter defense counsel moved for a mistrial "with respect to Mr. Thompson's closing argument and his reference to the failure of the accused to take the stand and state his presence on the morning of July 9, 1969." The motion was denied. Appellant contends here that the trial court committed reversible error in overruling his motion.

The fallacy in the point for reversal lies in the fact that the second objection came too late. Our holdings are in accord with the general rule stated in Wharton's Criminal Law and Procedure (1957), § 2079:

The remedy for any improprieties on the part of the prosecuting attorney in summing up is to interpose immediate objection. . . . Generally the argument must be interrupted at the moment it is made; to delay until the end of the argument is generally fatal . . . .

A case in point is *Shipp* v. *State,* 241 Ark. 120, 406

S. W. 2d 361 (1966). After the jury had retired, defense counsel moved for a mistrial because of an alleged improper statement made in the closing argument of the prosecuting attorney. We held that the objection "came too late and the point cannot now be urged." Also, see *Childs* v. *State,* 243 Ark. 62, 418 S. W. 2d 793 (1967). The reason for the rule is obvious. The most appropriate time for the trial judge to evaluate an error in the proceedings is at the time an error is made; in most instances the judge can cure any such error by appropriate admonition. In fact in the instant case we think the trial court could have removed any objectionable inferences contained in the prosecutor's statement had the proper request for admonition been timely made.

Affirmed.