Thelma WHITE, Administratrix of the Estate of Carl Thomas WHITE, deceased *v.*
CLARK EQUIPMENT COMPANY et al

77-56                                             553 S.W. 2d 280

Opinion delivered July 18, 1977
(Division I)

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*Plegge, Lowe & Whitmore; Wright, Lindsey & Jennings,* and *Rose, Nash, Williamson, Carroll, Clay & Giroir,* for appellees.

FRANK HOLT, Justice. This is a wrongful death action. Carl Thomas White was fatally injured when a Kroger Company trailer moved away from a warehouse dock while he was backing a forklift out of the trailer. The forklift fell backwards crushing White. Appellant Thelma White, wife of the deceased, brought suit against appellees, the forklift manufacturer, its distributor and the trailer manufacturer. The trial court directed a verdict for the manufacturer of the forklift and its distributor. The jury returned a verdict in favor of the trailer manufacturer.

Appellant first argues that certain testimony should not have been excluded. The trailer involved in the accident was manufactured in 1964 by appellee Clark Equipment Company and was equipped with standard air brakes. It appears that about 90% of all trailers were similarly equipped then. Appellant's expert witness testified that spring actuated brakes were available in 1964. However, the court excluded his testimony that after 1975 the United States Department of Transportation required by regulation that all trailers made in the United States have spring actuated brakes. Here, we cannot say that the trial court abused his discretion in excluding this testimony of appellant's expert witness. Evidence of this regulation, effective some eleven years after the trailer was made and almost two years after White's death, has no relevance to the question of whether Clark Equipment Company used ordinary care in the design and manufacture of its product in 1964. Further, and significantly, the trailer was ordered by Kroger with the specification that it be equipped with standard air brakes.

Appellant also argues that evidence of the 1975 regulation should be admitted to test the credibility of appellee Clark's expert witness. The substance of the testimony of appellees' witness was that, in his opinion, spring actuated brakes are more dangerous than non-spring brakes *in the process of disassembly*. The existence of the 1975 regulation bears little significance to this assertion by the witness. The issue was whether the manufacturer was negligent in 1964 in manufacturing the trailer which was per Kroger's specifications. We think that the probative value of the excluded testimony on this collateral matter is substantially outweighed by the danger of unfair prejudice. See Rule 403, Arkansas Uniform Rules of Evidence. We cannot say that the trial court abused his discretion in excluding this testimony.

Appellant's final point is that the court erred in directing verdicts for the appellee Baker Division of Otis Elevator Company, manufacturer of the forklift, and appellee Bigelow-Robinson, Inc., the local distributor. On appeal from a directed verdict, we must view the evidence in the light most favorable to appellant in determining if a fact question exists for the jury's determination. *Grambling* v. *Baltz*, 253 Ark. 352,

485 S.W. 2d 183 (1972). Here the only evidence which could point to liability for the accident on the part of Baker, the forklift manufacturer, or Bigelow-Robinson, the local distributor, is testimony that the forklift involved was not equipped with an overhead protection guard which was not in compliance with the American National Standards Institute's standards for forklifts. However, Kroger ordered the forklift direct from the manufacturer and specified that it be equipped without an overhead guard. A forklift used on the loading docks, as here, had to enter trailers with low ceilings. Forklifts used inside the warehouse necessitated the existence of overhead guards as a protection against falling objects stacked above head level. Here there simply is no factual basis for the jury to find liability on the part of either Baker Division or Bigelow-Robinson. The trial court was, therefore, correct in directing verdicts for them.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.