Darryl WALKER *v.* STATE of Arkansas

CR 89-186                                    783 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered January 29, 1990

*Linda P. Collier*, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A burst package containing 3.33 grams of crack cocaine was intercepted by security officials at the Federal Express hub in Memphis, Tennessee. The package was addressed to: "Mr. D. Walker, 1851 South Donaghey, No. 132, Conway, Ark." The appellant's name is Darryl Walker, and he lived at the address listed on the package. The Conway police were notified and, with additional information, obtained a search warrant and searched appellant's residence. There, they found 2.53 grams of cocaine packaged in zip-lock baggies, an opened but empty envelope in which appellant had received something through Airborne Express, and receipts from Emery Air Freight and United Parcel Service, along with drug paraphernalia, including various sizes of zip-lock bags, single-edge razor blades, a set of scales of the type used to weigh drugs, and a police radio scanner.

Appellant was charged with: (1) attempted possession of a controlled substance based upon the package intercepted in Memphis, (2) possession of a controlled substance based upon the cocaine found in his residence, and (3) possession of drug paraphernalia. The three counts were tried together. At the close of the State's case, the trial court directed a verdict on count one (1), attempted possession. The jury returned a verdict of guilty on counts two (2) and three (3), possession of a controlled substance and possession of paraphernalia. We affirm those convictions.

After the directed verdict on the attempted possession count was granted, the appellant took the stand to deny any knowledge about the cocaine and the paraphernalia found in his

apartment. On cross-examination he was asked why he had so many zip-lock baggies, why he had a police scanner, why he used an alias, why he had scales which measured in grams, why he had cocaine in baggies, and finally, "Who was it that was mailing you 3.33 grams of crack?" Appellant objected to the last question and asked for a mistrial on the basis that a directed verdict had been granted on the attempted possession charge. On appeal he contends the refusal to grant a mistrial is error. There is no reversible error for a number of reasons. First, the trial judge did not rule on either the objection or the motion for a mistrial. The burden of obtaining a ruling on an objection or a motion is upon the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *Porter v. Lincoln*, 282 Ark. 258, 668 S.W.2d 11 (1984). Error must be clearly shown before we will reverse. Second, immediately after appellant's objection the prosecutor repeated the question and appellant failed to object or to again ask for a mistrial. When a question is repeated, and there is no objection, the matter is waived. *Gregory v. Rees Plumbing Co.*, 222 Ark. 908, 263 S.W.2d 697 (1954). Third, the argument now advanced on appeal, an A.R.E. Rule 403 issue of weighing probative value vs. prejudice, was not made to the trial court. Since the weighing issue was not brought to the attention of the trial court, the matter cannot be considered on appeal. *Hobbs v. State*, 277 Ark. 271, 641 S.W.2d 9 (1982); A.R.E. Rule 103(a)(1). Stated differently, a party cannot change the grounds for objection on appeal. *Vasquez v. State*, 287 Ark. 473-A, 702 S.W.2d 411 (1986) (supplemental opinion on denial of rehearing).

The other point of appeal also concerns the 3.33 grams of crack cocaine found in the burst package. As previously stated, the three (3) counts were tried together. During the State's cases-in-chief, the 3.33 grams of cocaine were admitted into evidence without objection. After the trial court directed a verdict on count one (1), the attempted possession count, the appellant moved that the 3.33 grams of crack cocaine be removed from evidence because, he argued, that evidence was no longer relevant. The trial court refused to grant the motion. On appeal, the appellant argues that the evidence was no longer relevant, but even if it were relevant, it should not have been allowed to remain in evidence under an A.R.E. Rule 403 weighing. Again, the 403-weighing

argument was not made in the trial court, and we will not consider matters as error which were not ruled upon. Thus, we consider only the relevancy part of the argument.

■ A trial court's ruling on relevancy is entitled to great deference, and a trial court's ruling will be reversed only if the trial court abused its discretion. *White* v. *Clark Equipment Co.*, 262 Ark. 158, 553 S.W.2d 280 (1977). This is especially so where the evidence has been properly admitted and one later seeks to remove that evidence.

■ "Relevant evidence" means evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. A.R.E. Rule 401. [Emphasis supplied.] Under this expansive definition, evidence "need not conclusively prove the ultimate fact in issue, but only have 'any tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *New Jersey* v. *T.L.O.*, 469 U.S. 325 (1985). [Emphasis supplied.] Dean McCormick has written: "To be relevant evidence it need only be a brick, not a wall." E.W. Cleary, *McCormick on Evidence* 543 (3d ed. 1984). Accordingly, we have held that evidence that an accused has previously been involved in similar criminal activity is relevant to show his culpable state of mind. *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987); *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985). We have held that an accused's involvement with a nefarious gang that committed robberies and his possession of a weapon were relevant evidence in a subsequent robbery-murder case. The evidence was relevant to show a method of operation, or scheme. *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986). Similarly, the burst package of cocaine with appellant's name and address on it, when coupled with the cocaine packaged in baggies and other air-express items found at his residence, makes it more probable that the packaged cocaine found in his apartment was not there by mistake, as claimed by the appellant. It further shows the overall plan to acquire and intent to distribute cocaine.

The trial judge did not abuse his considerable discretion in denying the motion to remove the evidence.

Affirmed.