Phillip QUALLS *v.* STATE of Arkansas

CR 91-52                                812 S.W.2d 681

Supreme Court of Arkansas
Opinion delivered July 8, 1991

*Paul J. Teufel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. An undercover policewoman purchased crystal methamphetamine, a controlled substance, from Phillip Qualls at a residence occupied by Qualls. Officers who subsequently searched Qualls's room found him in possession of $580, drug paraphernalia, more crystal methamphetamine, and a photograph of Qualls, on a bed in his room where the drugs were found, surrounded by stacks of money with a caption written on the back, "It's mine, mine, all mine." Qualls was convicted as an habitual offender of delivery of a controlled substance, possession of a controlled substance with intent to deliver, possession of drug paraphernalia with intent to use, and manufacturing a controlled substance.

Qualls contends the photograph was erroneously admitted into evidence. We hold the Trial Court did not abuse its discretion in finding that it was relevant and that its probative value was not outweighed by its prejudicial effect. Qualls also makes alternative arguments that the trial court failed to rule on an issue as to his competency or failed to find his counsel ineffective at a hearing on his new trial motion conducted pursuant to Ark. R. Crim. P. 36.4 which has since been superseded by Rule 37.1. We hold there was no reason for the Trial Court to have ordered a competency examination and there is no evidence that Qualls's counsel were ineffective. The judgment is affirmed.

## 1. *The photograph*

Qualls moved in limine to exclude the photograph. The motion was denied. The State contends the issue is not preserved for appeal because Qualls's appendix does not contain a copy of the photograph. We find no need for a copy of the photograph because the testimony in the appendix adequately describes it. *See* Rules of the Arkansas Supreme Court and Court of Appeals 9(d).

While Qualls argues lack of a "foundation" for admission of

the photograph, and the State says he is really arguing lack of "authentication." Neither was specifically argued to the trial court. We consider the issues to be whether the photograph was relevant and whether the Trial Court erred in not finding that its prejudicial effect outweighed its probative value.

### a. Relevancy

Qualls argued to the trial court that the photograph was irrelevant because it had nothing to do with the drug transaction with which he was charged. The State pointed out that Qualls was charged with possession of other quantities of the drug with intent to sell and that the picture was indicative that Qualls was selling it for money. Qualls countered that the money could have come from any source and not necessarily from drug sales.

The Trial Court's ruling on relevancy is entitled to great deference and will be reversed only if the Court abused its discretion. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990); *White* v. *Clark Equipment Co.*, 262 Ark. 158, 553 S.W.2d 280 (1977). According to Ark. R. Evid. 401, relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Walker* v. *State, supra.*

There was no abuse of discretion. Qualls did not object to testimony that he was found to have $580 on his person when he was arrested. A picture of him with stacks of money in the room where he conducted at least one drug transaction is indicative that he was selling drugs there and that he intended to sell the quantity of drugs found by the police in that room.

### b. Probative value versus prejudice

Arkansas Rule of Evidence 403 gives a court the authority to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Undoubtedly the photograph was prejudicial, but the question is whether it could have been so unfairly prejudicial as to outweigh its probative value. Again, the decision was within the broad discretion of the Trial Court, *Walker* v. *State, supra; Bennett* v. *State,* 297 Ark. 115, 759 S.W.2d 799 (1988), and we find no abuse.

We find nothing unfair about the possibility that a juror might conclude that a person pictured in a room on a bed in the midst of piles of cash might be conducting a business there generating large amounts of money as illicit businesses tend obviously to do because of the unwillingness of participants to be traced to the transactions through other means of financing them.

While the probative value of the photograph was not great, especially when compared with the other evidence against Qualls, we do find any unfair prejudice to overbalance it.

### 2. Competency

Neither Qualls nor his counsel raised an issue as to Qualls's competency until, at a pretrial hearing, Qualls's counsel announced to the Court that Qualls had complained about his representation, wanted a continuance, and "he would also like to address the Court and request a motion for a mental examination . . . ." The Court enquired of counsel whether there was any "reason or any justification or any indication" that a mental examination would be appropriate. Counsel replied in the negative.

Qualls then addressed the Court and spoke about how he and his counsel had argued about the need for a continuance and for getting his bond reduced. The matter of a mental examination was not mentioned further.

Qualls cites *Robertson* v. *State,* 298 Ark. 131, 765 S.W.2d 936 (1989), in support of his contention that it was improper for the court to decline to give a ruling on his competency. There was no call for a ruling. No motion was made, and no defense with respect to competency was raised.

### 3. Ineffective assistance of counsel

That leaves only the argument that the Court erred in overruling the motion for a new trial pursuant to now superseded Rule 36.4. The contention is that Quall's counsel was ineffective due to his failure to move for a mental examination or to get a ruling if the colloquy in the pretrial hearing could have been considered a motion.

When the problem between Qualls and his counsel was revealed at the pretrial hearing, the Court appointed another

lawyer as co-counsel to assist in Quall's defense. Yet another lawyer was appointed to represent Qualls with respect to his motion for a new trial.

The motion for a new trial stated no facts showing or tending to show Qualls was entitled to a new trial. The motion was thus defective at the outset. *Whitmore v. State,* 299 Ark. 55, 771 S.W.2d 266 (1989). Nothing was mentioned about the failure to grant a mental examination. The subject came up at the post-trial hearing on the motion. Qualls testified he had told his original lawyer that if he were sent to prison he would kill himself "down there". That was the only evidence even remotely suggestive that Qualls might not have been competent to stand trial or incapable of following the law at the time the offenses were committed.

We find no basis for holding that the new trial motion should have been granted due to ineffective assistance of counsel. Even if we were to hold that counsel's performance was deficient in some way, we could find no basis for holding that Qualls was prejudiced. *See Strickland v. Washington,* 466 U.S. 668 (1984). Affirmed.

HAYES and BROWN, JJ., concur.

HOLT, C.J., dissents.

ROBERT L. BROWN, Justice, concurring. I am unwilling to reverse the conviction in this case based on a verbal description of the photograph at issue. Had the photograph been part of the record before us and had it depicted what is described by the appellant, I would doubt its relevancy. Not having the photograph before us, however, places us in the posture of speculating, at least to some extent, as to its content. I therefore, concur in the result.

HAYS, J., joins.

JACK HOLT, JR., Chief Justice, dissenting. I do not agree with the majority that the photograph of Qualls in a room on a bed in the midst of piles of cash was relevant under A.R.E. Rule 402. The money could have come from any number of other sources. In any event, the question of relevancy should not be resolved by imagination or guesswork. The picture is simply not relevant to the facts of this case.

In addition, acceptance of this picture into evidence violates A.R.E. Rule 403 for its probative value does not outweigh the danger of unfair prejudice.

The majority acknowledges that "undoubtedly the photograph was prejudicial"; however, they explain away the prejudice by stating they find nothing unfair about the fact that a juror might conclude, by examination of the picture, that Qualls was conducting an illicit business.

My concern is not with the guilt of Qualls, as there is overwhelming evidence of his guilt of the crime charged. I am troubled as to what effect the picture of Qualls surrounded by piles of money had on the jury in regard to the assessment of his punishment.

Under our criminal justice system, we call upon the jury to make findings of guilt and to assess punishment in the same proceeding, Ark. Code Ann. § 5-4-103 (1987), unless there is an exception which calls for bifurcation. *See e.g.,* Ark. Code Ann. § 5-4-602 (1987) (dealing with capital felony murder cases). In evaluating the question of relevancy and probative value of the introduction of the picture into evidence, we must consider not only what effect the picture had upon the jury's finding of guilt or innocence, but what effect, if any, it may have had upon the assessment of a forty-year sentence as punishment. Since the prejudicial effects of admitting this picture into evidence could well have affected sentence, I would either reverse and remand or order his sentence reduced to the minimum authorized by law. *See White* v. *State,* 298 Ark. 163, 765 S.W.2d 949 (1989).