Allen William WALLACE *v.* STATE of Arkansas

CA CR 94-266                      920 S.W.2d 864

Court of Appeals of Arkansas
Division III
Opinion delivered May 8, 1996

*David C. Schoen,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Sr. Appellate Advocate, for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of three counts of delivery of a controlled substance, marijuana. He was sentenced to serve consecutive sentences of ten years on each count for a total of thirty years in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in denying his motion for a mistrial; that the evidence is insufficient to support his conviction; and that the trial court erred in ordering his sentences to run consecutively. We affirm.

■ For his second argument, the appellant challenges the sufficiency of the evidence. He asserts that the State failed to prove that the green vegetable matter introduced into evidence as State's Exhibit 3 was actually marijuana because Roy J. Adams, Jr., a forensic drug chemist from the Arkansas State Crime Laboratory, failed to identify the exhibit as marijuana. We consider a challenge to the sufficiency of the evidence prior to a review of any alleged trial errors. *Kennedy* v. *State*, 49 Ark. App. 20, 894 S.W.2d 952 (1995). However, the appellant's argument is not preserved for appellate review.

■■ At the close of the State's case, the appellant made the following motion for a directed verdict:

> Thank you, your Honor. We would also move for a directed verdict on the three counts of delivery, feeling that the State has failed to meet the burden of proof and produce sufficient evidence that this Defendant delivered the substances, and that they were delivered for money or other consideration. All of the proof was that they never found any money. So that's our motion.

A motion for a directed verdict must be specific enough to apprise the trial court of the particular basis on which the motion is made. *Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995). The reasoning underlying this rule is that when specific grounds are stated and the proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994). Our law is well established that arguments not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal,

but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *Stewart, supra.*

■ In the case at bar, the appellant did not make the specific argument to the trial court that he now makes on appeal. Therefore, his motion for a directed verdict was inadequate to preserve for review the specific argument he now raises.

■ Moreover, we find the evidence to be sufficient on this point. Amy Hodges was the undercover officer who purchased the marijuana from the appellant on March 29, April 2, and April 12, 1993. Officer Hodges testified, without objection, that she went to the appellant's residence to purchase a quarter pound of marijuana on three separate occasions. She testified that each time the appellant retrieved a large plastic ziplock bag full of marijuana from a duffel bag, he took some marijuana from the ziplock bag and placed it into another bag for her. Officer Hodges testified that she paid the appellant $350.00 for each quarter pound of marijuana.

Officer Hodges was working with and turned over the evidence to Roger Ahlf, an investigator with the State Police. Officer Hodges and Investigator Ahlf both identified, again without objection, State's Exhibit #3 as the marijuana purchased from the appellant.

The appellant also argues that the trial court should have granted his motion for a mistrial because the prosecuting attorney improperly commented on his failure to testify when she stated during closing arguments, "You know, a typical defense ploy is to throw stones at the way the police handle a case when they don't have a defense." However, this argument is also not preserved for review because the appellant failed to make a timely objection and motion for a mistrial.

■■ The appellant did not object to the prosecutor's statements until after the jury had retired to deliberate. It is settled law that for the trial court to have committed reversible error, timely and accurate objections must have been made, so that the trial court was given the opportunity to correct such error. *Butler Mfg. Co. v. Hughes*, 292 Ark. 198, 729 S.W.2d 142 (1987). In order to preserve for appellate review an allegation that the prosecuting attorney made an improper argument during his or her closing address to the jury, the defendant must make immediate objections to the statement at issue. *Id.; Jones v. State*, 248 Ark. 694, 453 S.W.2d 403

(1970). Further, we do not think the prosecutor's statement was an improper comment on the appellant's failure to testify.

■ For his third argument, the appellant asserts that the trial court erred in failing to exercise its discretion when it ordered his sentences to run consecutively. It is within the province of the trial court to determine whether sentences should proceed consecutively or concurrently, and the decision is left to the sound discretion of the trial court. *Brown* v. *State, supra.* The Court has remanded for resentencing when it was apparent that the trial court did not exercise its discretion. *Wing* v. *State*, 286 Ark. 494, 696 S.W.2d 311 (1985).

■ Here, the trial court explained that it was taking several factors into consideration in denying the appellant's request that his sentences be run concurrently. The trial court stated:

> This Court feels that [the appellant] has been convicted by a jury of three counts of delivery of marijuana, involving three separate, distinct sales occurring on March 29th, April 2nd, and April 12th. The sales involved were of no small quantity. Each of the sales involved approximately one-quarter pound of marijuana, which this Court considers to be a rather large amount of marijuana to take place in a single transactional sale. We're not talking about a small baggie that is typically delivered by individuals in this county to persons who intend to smoke or consume marijuana for their own use. We're talking about three sales in large quantities in large bags that amount to over, or approximately three-quarters of a pound of marijuana in fifteen days to the same person. This Court feels that that is an aggravating circumstance that it must consider, the large quantity of marijuana that is — that was sold, the fact that it was a repeated sale to the same person of almost three-quarters of a pound of marijuana, which would certainly cause one to wonder what [the appellant] thought his purchaser was doing with three-quarters of a pound of marijuana in fifteen days. . . . With those circumstances and with that evidence, this Court feels that the proper and the prudent sentence to impose would be to impose the sentences as a consecutive sentence to reflect the total finding of the jury and that is what I intend to do.

We think that these statements clearly show that the trial court carefully and thoughtfully analyzed the facts and exercised its discretion appropriately.

Affirmed.

ROBBINS and MAYFIELD, JJ., agree.