Donnie WHITNEY *v.* STATE of Arkansas

CR 96-577                                    930 S.W.2d 343

Supreme Court of Arkansas
Opinion delivered October 7, 1996

*Honey & Honey, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Donnie Whitney, the appellant, was charged by information in Lafayette Circuit Court as an habitual

offender with three counts of Delivery of a Controlled Substance (*i.e.*, cocaine). Ark. Code Ann. § 5-64-401(a) (Supp. 1995). He was tried, and convicted, on Count I of the information and sentenced to a prison term of eighty years and a fine of $50,000. Ark. Code Ann. §§ 5-64-401(a)(1)(i) (Supp. 1995) and 5-64-408(a)(Repl. 1993).

Mr. Whitney maintains his conviction should be reversed because (i) the prosecutor, during the closing argument at the penalty phase of trial, commented on Mr. Whitney's failure to testify during the guilt-innocence phase; (ii) the prosecutor made other improper remarks during the closing argument at the guilt-innocence phase; (iii) the sentence is excessive; and (iv) the evidence was insufficient to support the conviction. We affirm the conviction and sentence on those points as none of them has been preserved for appeal. We also reject Mr. Whitney's argument that the Trial Court improperly limited the testimony of mitigation witnesses presented by Mr. Whitney in the sentencing phase of the trial.

### 1. Sufficiency of the evidence

■ Testimony revealed that an undercover state police officer and an informant were approached by Mr. Whitney as they sat in a vehicle and that they purchased cocaine from Mr. Whitney for $1000. At the close of the State's case, counsel moved for a directed verdict, stating only that the evidence was "not sufficient ... to sustain a conviction of a violation of a controlled substance, namely cocaine." After the defense rested, the motion was renewed, using the same general terminology. A general directed-verdict motion stating only that the evidence is insufficient does not preserve a sufficiency-of-the-evidence issue for appeal. Ark. R. Crim. P. 33.1; *Monk v. State*, 320 Ark. 189, 895 S.W.2d 904 (1995); *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995).

### 2. Prosecutor's remarks

During the closing argument in the guilt-innocence phase of the trial, the prosecutor discussed the impact of drug-related crimes on society. The prosecutor linked rising taxes and insurance premiums to drug-related criminal activity, and he told the jury that it would be affected by the nation's drug problem "sooner or later" and that Mr. Whitney's trial was an "opportunity today to do something about this problem in Lafayette County." Mr. Whitney argues those remarks were improper because they accused him of

crimes and other conduct not charged, blamed him for the ills of society, and personalized the argument with the jury. There was neither an objection nor a motion for a mistrial.

Mr. Whitney also asks us to reverse his conviction because the Prosecutor, during closing argument in the sentencing phase, drew attention to the fact that Mr. Whitney did not call witnesses or produce evidence during the guilt-innocence phase of the trial, thus calling attention to the fact that he did not testify. There was, again, no objection or motion for mistrial.

■ For an allegation of error to be sustained as the result of a trial error, there must have been a timely and accurate objection. *Butler Mfg. Co. v. Hughes,* 292 Ark. 198, 729 S.W.2d 142 (1987); *Jones v. State,* 248 Ark. 694, 453 S.W.2d 403 (1970); *Wallace v. State,* 53 Ark. App. 199, 202, 920 S.W.2d 864, 866 (1996). *See also Floyd v. State,* 278 Ark. 86, 89, 643 S.W.2d 555 (1982)(stating defendant "cannot complain for lack of a mistrial on appeal when none was requested").

Mr. Whitney concedes he did not move for mistrial in response to the Prosecutor's comments. He argues, however, that we should view defense counsel's inaction as ineffective assistance of counsel and reverse on that basis. He asks us to remand the case so that the Trial Court may consider whether his counsel was ineffective. As authority for his request that we remand the case, Mr. Whitney cites *Thomas v. State,* 322 Ark. 670, 911 S.W.2d 259 (1995). In that case the appeal was from a trial court's denial of postconviction relief, not a direct appeal of the conviction.

■ Mr. Whitney is free to move for postconviction relief under Ark. R. Crim. Pro. 37 after his direct appeal to this Court is resolved. He may not raise his ineffective-assistance-of-counsel argument in this direct appeal because it was not an issue considered by the Trial Court. *See Reed v. State,* 323 Ark. 28, 29, 912 S.W.2d 929 (1996); *Sumlin v. State,* 319 Ark. 312, 313, 891 S.W.2d 375 (1995).

### 3. The sentence

■ Mr. Whitney urges that his sentence was so cruel and unusual as to be in violation of the Arkansas Constitution. We note that the sentence was within the limits placed by the statutes cited at the outset of this opinion, and we decline to consider the point

further because no objection to the sentence was made before the Trial Court. *Reece* v. *State*, 325 Ark. 465, 928 S.W.2d 334 (1996). *See Fellows* v. *State*, 309 Ark. 545, 828 S.W.2d 847 (1992); *Williams* v. *State*, 303 Ark. 193, 194, 794 S.W.2d 618 (1990).

An additional argument with respect to the sentence is that the Trial Court improperly limited the testimony of a witness offered in mitigation. The argument concerns the testimony of Mr. Whitney's sixth penalty-phase witness, Ms. Foots. The State argued that some of Ms. Foots's testimony was irrelevant, and the objection was sustained. She had begun to speak of another criminal defendant who, she said, had not been permitted to defend himself in court. Defense Counsel concluded his examination of Ms. Foots and called a seventh witness, Mr. Pierce, after the Trial Court admonished against eliciting testimony bearing on Whitney's guilt or innocence which had been concluded earlier.

▊ Mr. Whitney argues the Trial Court should have given him wider "latitude in which to properly present all relevant mitigating circumstances." The Trial Court did not err in sustaining the objection to Ms. Foots's testimony, which had no bearing upon the sentence to be received by Mr. Whitney.

Affirmed.