Xavier SMALLWOOD *v.* STATE of Arkansas

CR 96-575                                   935 S.W.2d 530

Supreme Court of Arkansas
Opinion delivered December 9, 1996

*Scott S. Freydl,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Xavier Smallwood was convicted by a jury of rape and burglary which were committed when he was fifteen years of age. He was sentenced to forty years' imprisonment for the rape, and ten years' imprisonment for the burglary. On appeal, Smallwood alleges that there is insufficient evidence to support his convictions, that the State should have been prohibited from questioning him about prior misconduct, and that he should have been sentenced to concurrent, not consecutive, terms. We

affirm.

On the morning of December 15, 1994, the victim returned home from working the night shift. As she entered the bedroom, Smallwood jumped out from behind the door, placed a butcher knife to her throat, and demanded that she remove her clothing. Smallwood threatened to kill her when she refused. The woman agreed to remove her clothing if she could first use the bathroom. While in the bathroom, she attempted to call her parents on a cordless telephone, but apparently Smallwood had cut the telephone line. Smallwood forced the woman into the bedroom, and again demanded that she remove her clothing. The victim begged Smallwood to use a condom so that she would not get AIDS or become pregnant. Smallwood used a condom provided by the victim and raped her twice.

After the rape, Smallwood told the victim that he had tried to talk to her before, but she would not speak to him, and that he was already in trouble for a prior burglary. Smallwood showed the victim were he had broken a porch window and cut a screen to obtain entry into her home. As he left the victim's home, Smallwood threatened to rape her again and kill her family if she told anyone about the incident. Smallwood left on a bicycle and took the butcher knife with him.

The victim immediately called her family, and her mother notified the police. The victim described Smallwood and the clothes he was wearing to the police. The victim also described the knife taken by Smallwood as her rusty butcher knife with "Old Hickory" written on the handle.

The police suspected Smallwood from the victim's description, and located him within a few hours, hiding in the woods behind his home and wearing the clothing described by the victim. In addition, the police found a butcher knife inscribed with the words "Old Hickory" lying on the table inside his house. At the time of his arrest, Smallwood told officers that he had consensual sex with the victim. The victim identified Smallwood as her attacker during a photo line-up and at trial.

Smallwood testified at trial and admitted to having sexual relations with the victim on December 15, but claimed that the two had been engaged in a consensual sexual relationship for about two years. Smallwood further alleged that the victim brought charges

against him only because he told her that she was getting fat and that he intended to end their relationship. Finally, Smallwood claimed that the knife belonged to his mother and that he last saw it the day before the incident.

At trial, defense witnesses testified that Smallwood was a cousin of the victim's husband, from whom she was separated, and that Smallwood and the victim knew each other. Smallwood's mother testified that she had gone to school with the victim, and that the victim knew Smallwood when he was a baby, but that Smallwood had moved to Illinois when he was about ten years old. However, the victim denied having a consensual sexual relationship with Smallwood and testified that she had never seen him prior to December 15.

The jury found Smallwood guilty of both crimes and sentenced him to ten years imprisonment for burglary and forty years for rape. The judge denied Smallwood's request for concurrent terms, and ordered the sentences to be served consecutively.

### 1. Sufficiency of the Evidence

Smallwood first argues that there is insufficient evidence to support his convictions for rape and burglary. At the close of the State's case, Smallwood said: "Judge, may I let the record reflect that I move for a directed verdict at the end of the State's case?" The court denied the motion. At the close of all evidence, Smallwood renewed his motion by stating: "Will the Court let the record reflect that my motion is renewed?" Again, the motion was denied.

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence and requires the movant to apprise the trial court of the specific basis on which the motion is made. *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995). This court has said on numerous occasions that since the adoption of the Ark. R. Crim. P. 36.21(b), a general motion is insufficient to preserve a defendant's argument that the statutory elements of the crime were not proven. *Id*. Because he failed to properly preserve the issue, Smallwood is procedurally barred from challenging the sufficiency of the evidence on appeal. *Whitney v. State*, 326 Ark. 206, 930 S.W.2d 343 (1996).

### 2. Prior Misconduct

Smallwood next argues that the trial judge erred by allowing

into evidence testimony regarding his burglary conviction, involvement with drugs, theft of automobiles, propensity towards violence, and participation in gang activity.

It is well-settled under Arkansas law, that when a criminal defendant takes the stand in his own behalf his credibility becomes an issue, and the State may, under certain circumstances, test that credibility by asking the defendant about prior misconduct and criminal activity. *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979). Pursuant to Ark. R. Evid. 608(b), the State may ask a criminal defendant about prior acts of misconduct, regardless of whether such conduct is criminal, if the act is clearly probative of the defendant's character for truthfulness. Ark. R. Evid 608(b); *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994). In addition, the State may ask the defendant about any prior felony convictions, regardless of whether the crime involves an element of untruthfulness. Ark. R. Evid. 609.

In order to properly preserve these issues for appeal, the defendant must timely object at the first opportunity. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985). In addition, the defendant must renew his objection each time he is questioned about the matter. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990). Finally, the defendant may not object if he has "opened the door" by discussing the matter during direct examination. *Larimore* v. *State*, 317 Ark. 111, 877 S.W.2d 570 (1994); *Dillion* v. *State*, 317 Ark. 384, 877 S.W.2d 915 (1994).

During cross-examination, the State questioned Smallwood extensively about his burglary conviction, and an incident in which he threatened to shoot his mother, without objection by defense counsel. Hence, Smallwood's failure to timely object is a waiver of these issues on appeal. *Hill, supra.*

When the State then began to ask Smallwood about his prior involvement in drug sales, the following exchanged occurred:

STATE: You've been pretty active in criminal activity?

SMALLWOOD: Yes, I have.

STATE: Selling drugs?

SMALLWOOD: That's irrelevant but yes, I was a thug.

STATE: You happened to be selling drugs prior to this

incident?

DEFENSE COUNSEL: Judge, that's not material to this case.

The trial court overruled the objection. The defense counsel waited until after Smallwood had answered, and the State asked the question a second time before he objected. By failing to object at the first opportunity, Smallwood waived his right to contest on appeal the questions regarding his prior drug sales. *Hill, supra.*

■ Furthermore, Smallwood later admitted during cross-examination to membership in a gang that was involved in selling drugs and stealing cars while he was in Illinois, and to making a statement that he would shoot anyone who threatened him. Once again, his counsel's failure to object to the questions precludes review of the issues on appeal. *Hill, supra.*

Moreover, on direct examination Smallwood opened the door to any questions about his propensity towards violence during the following exchange:

ATTORNEY: Did you threaten [the victim] with a knife or with anything?

SMALLWOOD: No, I didn't threaten her with a knife. *I'm not that type of person.* I didn't threaten her with a knife.

(Emphasis added.)

■ This court has recognized that a defendant may "open the door" to an otherwise impermissible inquiry in *Larimore,* where we said:

We have recognized that otherwise inadmissible testimony may be offered when one party has opened the door for another party to offer it. This is most often permitted when a defendant has been untruthful about a former crime or *has brought up otherwise inadmissible character evidence which the State may then rebut.*

*Larimore, supra* (emphasis supplied). By claiming that he was not the "type of person" to threaten someone with a knife, Smallwood placed his propensity towards violence in issue. Thus, the trial court properly allowed the State to question Smallwood about other violent acts or threats. *Larimore, supra; Dillion, supra.*

### 3. Consecutive Sentences

For his last argument, Smallwood contends that the trial judge erred when he ordered consecutive, instead of concurrent, sentences. After the jury sentenced Smallwood to ten years for burglary and forty years for rape, Smallwood simply asked the court to consider the running of the sentences concurrently. The State then argued for consecutive terms because the crimes were not simultaneous and were "separate offenses." Smallwood made no response to the State's argument. The judge denied Smallwood's request and ordered consecutive sentences without comment.

■ The State alleges that Smallwood has not preserved the issue by failing to object after the imposition of consecutive sentences. However, Smallwood's motion for concurrent sentences was denied and neither of the cases relied upon by the State supports the argument that a further objection is required after the denial of a motion for concurrent sentences. In *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1980), we said that the appellant could not raise an argument for concurrent sentences not offered as a basis for his objection at trial. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), involved a conviction for a single offense, and the opinion set out several exceptions to the general requirement that an objection first be made to the trial court for an issue to be preserved for appeal.

As to the merits, this court has stated on numerous occasions that pursuant to Ark. Code Ann. § 5-4-403 the decision to impose consecutive or concurrent sentences lies solely with the province of the trial judge. *Love* v. *State*, 324 Ark. 526, 922 S.W.2d 701 (1996). Moreover, the appellant, by challenging this determination, assumes the heavy burden of showing that the trial judge failed to give due consideration in the exercise of his discretion. *Id.*

■ Smallwood made no argument in his request for concurrent sentences and raises no argument on appeal. Smallwood contends only that there is no way to evaluate the trial judge's decision, and therefore his proper use of discretion, because he did not explain his decision orally or in writing. However, we rejected a similar argument in *Urquhart* v. *State*, 273 Ark. 486, 621 S.W.2d 218 (1981) where we held that:

> there is no rule that requires a trial judge to set forth in writing that he has exercised discretion. Since this is a matter

within his discretion we will not presume he did not exercise that discretion unless there is some indication otherwise.

*Id.* Smallwood has not met his burden of showing that the trial court did not exercise discretion in deciding to impose consecutive sentences.

Affirmed.

BROWN, J., concurring.

ROBERT L. BROWN, Justice, concurring. I concur in the result but write separately to express my concern with the holding that appellant's counsel did not object in a timely manner to the prosecutor's questions regarding prior involvement in drug sales, per the colloquy set out in the majority opinion. While the case relied upon for this result, *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985), did hold that an objection must be made at the first opportunity, that case involved an untimely objection made after eight questions had been asked on the subject. In this case, appellant's counsel objected before the second question was answered, and given the realities of trial practice, the application of the rule to these facts is too technical. However, I concur in the result, as Smallwood later admitted on cross-examination, without objection, to membership in a gang involved in selling drugs. The line of questioning objected to, if error, was undoubtedly harmless.