SLIP OPINION

Cite as 2014 Ark. 373

# SUPREME COURT OF ARKANSAS

No. CR–13–927

| | |
|---|---|
| STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>SHAWN TREVELL RAINER<br><br>APPELLEE | **Opinion Delivered** September 11, 2014<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT CHICKASAWBA DISTRICT [NO. 47CR-2009-193]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br><u>DISSENTING OPINION ON DENIAL OF REHEARING</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

I stand by my identification of the mistakes of law and fact that I noted in my dissent. The gross deviation from the previously settled standard of review, the abandonment of the most basic rules of argument preservation—that the argument be raised and ruled on by the trial court, and the application of an apparently new doctrine that this court may deny Rule 37 relief for any reason, are egregious enough to warrant a rehearing of this case. I, however, wish to note an additional reason why not rehearing this case is a grave mistake. In federal habeas corpus proceedings, our procedural default jurisprudence is granted deference. We will likely lose that deference if federal habeas defendants successfully argue that we do not apply our rules consistently. The majority in the case before us has clearly deviated from the hitherto settled way in which we have procedurally limited and barred arguments raised on appeal.

First, Rainer notes in his rehearing petition, it was our settled practice to require that specific arguments are made to the circuit court before we consider the same on appeal. He cites as an example *Walker v. State*, 301 Ark. 218, 783 S.W. 2d 44 (1990), where this court refused to consider an argument based on Arkansas Rule of Evidence 403 when the appellant had only argued relevance to the trial court. Here, the State only argued relevance, yet the majority—on its own initiative—stated that a relevancy argument automatically preserved an argument based on Arkansas Rule of Evidence 405, which concerns methods of proving character.

Second, despite the fact that it is so well settled as to be axiomatic that we will not consider an argument raised for the first time on appeal and that preservation of an issue requires a contemporaneous objection and ruling by the trial court, the majority has chosen a different path. In the case before us the State argued to exclude evidence under Rules 402 and 404, and never broached the subject of applicability of Rule 405. Accordingly, the trial court never ruled on a Rule 405 argument. The majority's contention that it was "readily apparent" is simply not based on law or fact. As Rainer points out, this court is bound to consider only the arguments actually raised to and ruled on by the trial court or risk jeopardizing the entirety of our procedural default law and the deference its entitled to in federal habeas because the State is getting special consideration that we have never afforded a criminal defendant.

HANNAH, C.J., and BAKER, J., join.