Cite as 2022 Ark. App. 353

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-22-44

| | |
|---|---|
| TOBY CARTER | **Opinion Delivered:** September 21, 2022 |
| | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 63CR-21-102] |
| V. | HONORABLE KEN CASADY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Toby Carter appeals his conviction by a Saline County Circuit Court jury of possession of firearms by certain persons and possession of a controlled substance—methamphetamine.[1] Appellant argues on appeal that the evidence was insufficient to support his convictions. We affirm.

Officer Derek Jester with the Bryant Police Department initiated a traffic stop of a vehicle being driven by appellant in the early morning hours of December 7, 2020. After appellant pulled over, as Officer Jester was approaching the vehicle, the male passenger got

---

[1]Appellant was also convicted of felony fleeing, but he is not appealing that conviction.

out and walked away.[2]  Appellant subsequently sped away, and a chase ensued.  The vehicle eventually crashed and landed on the driver's side, trapping appellant inside.  The area immediately around the vehicle was searched, and a gun was found.  Once the vehicle was placed back on its tires, a search of it revealed suspected drugs as well as paraphernalia.

Appellant's jury trial took place on July 8, 2021.  Officer Jester testified that on the morning in question, he was on patrol for the Bryant Police Department when he noticed that the vehicle appellant was driving had a defective tag light.  When the license plate was run, it showed that the registered owner of the vehicle had an active felony warrant, so Officer Jester initiated a stop on the vehicle.  The vehicle was driven for almost a mile before appellant stopped.  Once stopped, Officer Jester began to approach the vehicle from the passenger side.  He stated that as he was approaching the vehicle, an unknown white male got out of the passenger side, threw his hands up, and walked away.  The vehicle then sped off going east on I-30.  Officer Jester said that he then went back to his car and pursued the fleeing vehicle.  The pursuit took place in both Saline and Pulaski Counties, and at some point, Officer Nick Kincade, also with the Bryant Police Department, took the lead.  The pursuit ended near Shannon Hills after the vehicle crashed.  Officer Jester stated that he searched the area around the vehicle and found a handgun (.38 special revolver) nearby.[3]  He testified that after the vehicle was placed upright, he searched it and found two baggies

---

[2]The passenger was never identified.

[3]On redirect, Officer Jester said that the gun was found a few feet from the vehicle.

2

containing a powdery substance under the driver's seat, close to the door. Officer Jester said that other paraphernalia was also found in the vehicle.

On cross-examination, Officer Jester admitted that he did not know what was in the area around the vehicle before the crash; he did not run a search to see who purchased the gun; he was unaware of any fingerprints being found on the gun; and that appellant was not the registered owner of the vehicle. On recross, he conceded that he was unsure if the gun came from the vehicle.

Officer Kincade testified that he was on patrol the morning in question and assisted in the pursuit of appellant. He stated that after the crash, he approached the vehicle from the front and waited for appellant to get out. He said that he was the officer who transported appellant to jail.

Christy Williford of the Arkansas State Crime Laboratory testified that she tested one of the baggies found in the vehicle appellant was driving and that it was positive for methamphetamine.

At the conclusion of the State's case, appellant unsuccessfully made the following motion: "Your Honor, the Defense would move for a directed verdict based upon the lack of forensics, the lack of knowledge of where anything was found." The defense rested without putting on evidence and renewed the motion. The circuit court denied the motion, and the jury subsequently found appellant guilty. The sentencing order was filed on July 9, and appellant timely appealed.

Appellant argues that the evidence is insufficient to support his convictions for possession of firearms by certain persons and possession of a controlled substance—methamphetamine. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial.[4] Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture.[5] We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered.[6]

In challenging his possession-of-firearms-by-certain-persons conviction, appellant maintains that the State failed to present evidence linking him to the gun. Specifically, he argues that the State failed to show that he had "immediate and exclusive access" to the gun and that the gun's proximity to the wrecked vehicle is "insufficient to establish that [he] exercised any type of care, control, or management over [it]." However, this is not the same argument appellant made before the circuit court as that argument focused on "forensics" and "knowledge." Arkansas Rule of Criminal Procedure 33.1 requires a motion for directed verdict to specify how the evidence is deficient.[7] The motion must be specific enough to apprise the circuit court of the particular basis on which the motion is made.[8] Our law is

---

[4]*Boswell v. State*, 2021 Ark. App. 456, 636 S.W.3d 827.
[5]*Id.*

[6]*Id.*

[7]Ark. R. Crim. P. 33.1(c).

[8]*Wallace v. State*, 53 Ark. App. 199, 920 S.W.2d 864 (1996).

clear that a party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal.[9]  Accordingly, appellant's argument is not preserved for our review.

Appellant makes a similar linking argument while challenging his possession-of-a-controlled-substance–methamphetamine conviction.  Again, this argument is being made for the first time on appeal and is not preserved.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*The Hudson Law Firm, PLLC*, by: *Grace Casteel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[9]*Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509.