John W. ACKLIN a/k/a Yahya ZAKARIYA
*v.* STATE of Arkansas

CR 80-171 606 S.W. 2d 594
Supreme Court of Arkansas
Opinion delivered October 27, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The only question here is whether the trial judge actually exercised his discretionary authority in directing that three three-year sentences imposed by the jury should run consecutively rather than concurrently. We are unable to say there was an exercise of discretion and therefore remand the case for resentencing.

Acklin pleaded not guilty to three charges of forgery, but on the witness stand he freely admitted his guilt and attributed the forgeries to a number of things, including his loss of a job, his separation and divorce, and his inability to support his five children. The jury verdicts of three years for each offense were near the minimum, the range of punishment for a Class C felony being two to ten years. Ark. Stat. Ann. § 41-901 (c) (Repl. 1977). The Code also provides that multiple

sentences shall run concurrently unless the court orders them to run consecutively. § 41-903 (3)(a).

How two or more sentences should run lies solely within the province of the trial court. *Graham* v. *State*, 254 Ark. 741, 495 S.W. 2d 864 (1973). In sentencing, however, there must be an exercise of judgment by the trial judge, not a mechanical imposition of the same sentence in every case. *United States* v. *Derrick*, 519 F. 2d 1 (6th Cir., 1975); *Woosley* v. *United States*, 478 F. 2d 139 (8th Cir., 1973). We have disapproved, as an implied threat, a trial judge's uniform practice of telling the accused that if he is not guilty he should plead not guilty, but if the jury imposes separate sentences the judge will "stack" them. *Orman* v. *Bishop*, 243 Ark. 609, 420 S.W. 2d 908 (1967).

After the verdicts were announced in the case at bar there was an extended discussion between the court and counsel, which we quote in part. In response to defense counsel's request that the sentences run concurrently, because the defendant had five children to support, the court replied:

> I'm mindful of that, Mr. Holder. And I'm also mindful that . . . he has not been in trouble with the law since 1967. However, I am also mindful that Mr. Zakariya has had no defense to this case and has put the county to substantial expense to try this without a defense which he is entitled to. It's my feeling about it that if you want to see the hole card and go to a jury to see what they will do, then you ought to be willing to run the risk.
>
> There's no defense to this case. There has not been one presented, and it's been an exercise that Mr. Zakariya elected to see what would happen, I guess. . . . It's expensive to see and to look and to try the system. So it's my judgment that he should not be entitled to consideration.

\* \* \* \*

He is not being penalized for exercising his right [to a jury trial]. The truth of the matter is that he had no defense to this case. . . . He *could* [not *would*, as the State argues] have gotten the same judgment, the same sentence, the same due process, had he come in here and told the Court that he was guilty.

I am reminded of Judge J. Smith Henley in federal court, where the federal courts do all the sentencing, and all the guilt or innocence is determined by the jury. 'If you've got a legitimate defense, come over here and argue it. It won't cost you anything. But if you come over here and waste my time, the jury's time and the taxpayer's money, it may very well cost you something.'

I'm not saying that's what I'm doing. It's my customary rule to run consecutive sentences imposed by jurors, not because it's an expense to the county and not because someone elects to do that; it's just my judgment in the matter that generally that's what the jury intends to do.

The Code vests the choice between concurrent and consecutive sentences in the judge, not in the jury. We commend the trial judge for his outspoken candor and would certainly condemn a resort to silence as a deliberate means of concealing an improper practice. But the trouble is, nothing in the colloquy indicates that the trial judge really exercised his discretion. Rather, he seems to have imposed consecutive sentences either because the defendant asked for a jury trial without any defense or because it was the court's rule to direct that jury sentences run consecutively. We have often said that a court proceeding should not merely be fair; it should also appear to be fair. Without implying in any way that the consecutive sentences are unwarranted, we find it best to remand the cause for resentencing. See *Derrick* and *Woosley, supra*.

Reversed and remanded.