Donald Eugene WING *v.* STATE of Arkansas

CA CR 84-159                    686 S.W.2d 452

Court of Appeals of Arkansas
En Banc
Opinion delivered March 27, 1985

*Darrell E. Baker, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Sandra Tucker Partridge,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. The appellant, Donald Eugene Wing, appeals from a conviction of burglary and theft of property and sentences of twenty years and ten years, to be served consecutively. Appellant's two points for reversal are that (1) the court failed to exercise discretion in sentencing appellant to consecutive rather than concurrent terms; and (2) the court erred in using a constitutionally

invalid felony conviction for enhancement purposes under the Habitual Offender Statute. We reverse.

For his first point, the appellant relies upon *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980), in which the Supreme Court reversed the trial court for its failure to exercise discretion in sentencing the defendant to consecutive terms. In so holding, the Supreme Court set forth the trial judge's remarks indicating his rationale for imposing consecutive sentences. The judge said:

> I am also mindful that Mr. [Acklin] has had no defense to this case and has put the county to substantial expense to try this without a defense which he is entitled to. It's my feeling about it that if you want to see the hole card and go to a jury to see what they will do, then you ought to be willing to run the risk. . . . If you've got a legitimate defense, come over here and argue it. It won't cost you anything. But if you come over here and waste my time, the jury's time and the taxpayers' money, it may well cost you something. . . . *It's my customary rule to run consecutive sentences* imposed by jurors, not because it's an expense to the county and not because someone elects to do that; *it's just my judgment* in the matter *that generally that's what the jury intends to do.*

*Id.* at 880-81, 606 S.W.2d at 595 (emphasis supplied).

From the foregoing, the Supreme Court inferred the trial court seemed to impose consecutive sentences either because the defendant asked for a jury trial without any defense or because it was the court's rule to direct that jury sentences run consecutively. The court found nothing to indicate that the trial judge really exercised his discretion. *Id.* at 881, 606 S.W.2d at 595. Here appellant contends the trial court's comments made the case exactly like — and controlled by — *Acklin.* While in the instant case the words used by the trial judge may not be identical to those employed by the judge in *Acklin,* we agree with appellant that his words clearly reflect that as a rule he runs jury-imposed sentences consecutively. The judge stated:

> If it had been left to me in the first instance, I feel I would have had a lot more leeway to act. I think it is somewhat presumptuous of me to go against a jury verdict. *I have never done that except in a rare case* where it's clearly out of line. I'm going to set and fix punishment 20 years on the Burglary, 10 years on the Theft of Property, and direct that they run consecutive. *I think if the jury had wished otherwise, they would have noted otherwise.*

First, the judge thought he was following the wishes of the jury when he ran appellant's sentences consecutively instead of concurrently. In other words, he attempted to implement what he perceived the jury wanted rather than to exercise his own discretion relative to the sentencing. While the judge could surmise that the jury intended the sentences to run consecutively, the law actually provides that multiple sentences run concurrently *unless* the *court* orders the sentences to run consecutively. Ark. Stat. Ann. § 41-903 (Repl. 1977). Jury members who have gained experience and insight by sitting on other criminal cases may well have known or intended that any multiple sentences imposed would run concurrently. Second, like the judge in *Acklin* who had a *customary rule* to run consecutive sentences, here the judge *never* went against a jury verdict *except* in a *rare case*. Thus, he thought the jury intended consecutive sentences, and he never (or rarely) deviated from its wishes.

In summary the *Acklin* court noted that the Criminal Code vested the choice between concurrent and consecutive sentences in the judge, not the jury. In making that decision, the judge should make it clear that it is his or her discretion being exercised when entering the sentences and not the jury's. By doing so, the judge renders ineffective any argument that a defendant is penalized merely because he requested a jury trial.[1] In keeping with *Acklin,* we remand

---

[1]We are not unmindful of Fisk v. State, 5 Ark. App. 5, 631 S.W.2d 626 (1982), a case not cited or argued by either the state or the appellant. We merely note that the *Acklin* case was not cited or argued by *Fisk*; instead, relying upon *United States v. Jackson,* 390 U.S. 570 (1968), she argued the trial court's policy discriminated against defendants who exercised their right to a jury trial and therefore infringed on her Sixth Amendment rights.

this cause for resentencing without in any way implying how the sentences should be imposed.

We do not consider appellant's second point for reversal because it is raised for the first time on appeal. The appellant was sentenced as an habitual offender, Ark. Stat. Ann. § 41-1001 (Supp. 1983), based upon his prior convictions of four felonies. After the jury verdict was read, the court heard evidence on prior convictions for sentencing purposes. After a 1958 judgment was read by the prosecutor, appellant's counsel said that he had "some questions as to what the offense was in this case." Both the court and the prosecutor pointed out that the offense was listed as a felony. Appellant's counsel then stated that it appeared to be a misdemeanor charge that was advanced to a felony because of prior convictions. He questioned whether "a misdemeanor charge advanced to the status of a felony" can be used "to advance the status of another felony."

However, on appeal, the appellant's argument is based upon the fact that no showing was made that appellant was represented by counsel in the underlying misdemeanor convictions used to advance the 1958 conviction to a felony. The appellant concedes that his conviction occurred five years before *Gideon* v. *Wainwright,* 372 U.S. 335 (1963), and that he adduced no proof at trial to show lack of representation. Not only did he not adduce such proof, he also did not raise the issue. We do not consider issues raised for the first time on appeal. *Cavin* v. *State,* 11 Ark. App. 294, 669 S.W.2d 508 (1984). Any procedural error upon which reversal might be based is waived by appellant's failure to assert it. *Id.*

Reversed and remanded.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. Because of the decision of the Arkansas Supreme Court in *Acklin* v. *State,* 270 Ark. 879, 606 S.W.2d 594 (1980), I concur in the reversal and remand of this case.