Edward L. WING v. STATE of Arkansas

CR 85-43                                         696 S.W.2d 311

Supreme Court of Arkansas
Opinion delivered September 16, 1985

*Darrell E. Baker, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Wing was convicted of burglary and theft of property and was sentenced as an habitual offender to prison terms of 35 and 25 years. The sufficiency of the evidence is not questioned. The appellant argues that the trial court erred in denying a motion for a continuance and in directing the sentences to be served consecutively.

First, the issue of the requested continuance. Wing's "rap sheet," of which defense counsel was aware weeks before trial, showed ten or more prior felony convictions. The prosecutor at first charged four or more prior convictions, but on the day before trial he received proof of six additional out-of-state convictions. Defense counsel was notified of the prosecutor's intention to amend the information to conform to the new proof.

After the jury had been selected and sworn the trial judge, in chambers, permitted the proposed amendment. Defense counsel asked for a continuance, not for surprise but because counsel said he had not questioned the jurors about previous convictions. "Now, 4 prior convictions is one thing, and if there are larger numbers I would be more interested in inquiring about what they think about that."

■ The trial judge properly refused to grant a continuance. Since the jury had already been chosen and sworn, it was too late to supply questions omitted on voir dire. Moreover, Wing did not choose to testify; so it is most unlikely that counsel would have decided to inform the jurors about Wing's long criminal record, which would not otherwise have been brought to their attention until the second stage of the bifurcated trial. No substantial possibility of prejudice is shown.

■■ Second, the trial judge decides whether sentences are to run consecutively, but he must actually exercise his discretion in making the decision. *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980). That case was followed in *Wing* v. *State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), which was decided after the case at bar had been tried. There Judge Gibson made the sentences consecutive, saying:

> If it had been left to me in the first instance, I feel I would have had a lot more leeway to act. I think it is somewhat presumptuous of me to go against a jury verdict. I have never done that except in a rare case where it's clearly out of line. I'm going to set and fix punishment 20 years on the Burglary, 10 years on the Theft of Property, and direct that they run consecutive. I think if the jury had wished otherwise, they would have noted otherwise.

The Court of Appeals remanded that case for resentencing, finding that Judge Gibson tried to implement what he perceived the jury wanted rather than exercising his own discretion.

The case at bar is so similar that we cannot distinguish it. Here Judge Gibson said:

> [M]y practice has been, if it is left to me in the first instance, I try to use my own judgment both as to guilt or innocence, and also as to punishment. . . . But when a case is submitted . . . to a jury, then I think they have the right and the prerogative . . . to view the case in the manner in which they see it. Now, I feel it is somewhat presumptuous for me to interfere with their judgment as long as it is within the guidelines of the law. I think I have no choice . . . but to accept their verdict . . . and direct they run consecutively.

We agree with the Court of Appeals and remand the case for resentencing, without implying that consecutive sentences are not warranted.

Affirmed in part and remanded.

PURTLE, J., not participating.