Johnny LAWHON, JR. *v.* STATE of Arkansas

CR 95-1276                                    940 S.W.2d 475

Supreme Court of Arkansas
Opinion delivered March 17, 1997

*Dale Eugene Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

PER CURIAM. The appellant, Johnny Lawhon, Jr., was convicted of theft by receiving, possession of a controlled substance with intent to deliver, and criminal use of a prohibited weapon.

He was sentenced to five years, ten years, and five years, respectively. The record of Lawhon's sentencing in open court is silent as to whether the trial judge specified whether the sentences would be served concurrently or consecutively. The judgment and commitment order, however, indicated that the sentences would be served consecutively. The Court of Appeals affirmed Lawhon's conviction and sentence in *Lawhon v. State*, CACR 92-1297, (November 17, 1993). Lawhon subsequently filed a petition for postconviction relief in the Jefferson County Circuit Court. Among other grounds for relief alleged in the petition, Lawhon argued that he was not present when the trial judge pronounced that his sentences should run consecutively and further, that the trial judge improperly ordered that the sentences be served consecutively.

The Jefferson County Circuit Court, with a different judge than the judge who sentenced Lawhon, conducted two hearings on Lawhon's claims. The first hearing took place on February 16, 1995. At the conclusion of that hearing, the circuit judge denied relief on all grounds but the sentencing issue. With regard to the sentencing issue, two of the State's witnesses testified that Lawhon was present when the judge pronounced that the sentences would be served consecutively. One of the witnesses testified that the judge stated that the sentences would run consecutively because "he believed that it was the jury's intention that they run consecutively." Lawhon testified that he left the courtroom before there was any discussion about how the sentences would be served. The circuit court concluded that while there was conflicting testimony on whether Lawhon was present, the transcript indicated that the proceedings adjourned prior to the court's pronouncement. Accordingly, the circuit court granted Lawhon leave to request that he be resentenced in open court.

Lawhon requested resentencing, and he moved to serve the sentences concurrently. The circuit court resentenced him to the same prison term for each of his convictions, and it ordered that the sentences be served consecutively. The circuit court set forth the following rationale for his decision:

> Not having presided over the trial of this case, I am really in the dark about what to do. . . .Normally, the judge who presides

> over the trial makes this decision based on what he heard about the facts of the case at trial. I do not have the benefit of any of that. I did not preside at this trial. I have not reviewed the transcript that was used on appeal or the abstract of that transcript. . . .
>
> In the absence of any overwhelming reason to the contrary, I think I must ratify the trial court's decision, who was in a much better position to have made that determination. For those reasons, I deny the request to change the sentences from consecutive to concurrent.

Lawhon appeals the circuit court's order which denies his request for concurrent sentences. In the appeal, he argues that the circuit court did not exercise any discretion when he decided to run the sentences consecutively. The State, in response, argues that Lawhon's argument should have been raised in his direct appeal, and for that reason, is not a cognizable argument under Rule 37. Lawhon's argument is well-taken, and we reverse and remand the case for resentencing.

■ Ark. Code Ann. § 5-4-403 (Repl. 1993) provides that when multiple sentences of imprisonment are imposed for a defendant convicted of more than one offense, the sentences shall run concurrently unless the court orders the sentences to run consecutively. We have previously held that the decision of whether to run the sentences consecutively or concurrently is a matter that lies solely in within the province of the trial court. *Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995). In sentencing, however, there must be an exercise of judgment by the trial judge, and not a mechanical imposition of the sentence suggested by the jury in every case. *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980). For example, we have disapproved of the practice of ordering that sentences be served consecutively because the trial judge perceived such an order to be consistent with the intention of the jury. *Acklin, supra*.

In this case, the circuit judge who resentenced Lawhon clearly did not exercise any discretion in his decision to run the sentences consecutively. Rather, he ratified the decision of the trial judge, whose own exercise of discretion, in light of the absence of any transcript of the pronouncement of consecutive

sentences, is somewhat in doubt. The circuit court undertook the matter of resentencing, and for that reason, was bound to exercise discretion in his decision concerning how the sentences would be served.

■ ■ While the State is correct that Lawhon's argument should have been raised on direct appeal, we find that he did not have the opportunity to do so. The transcript of the trial indicates that the proceedings adjourned prior to the court's pronouncement that the sentences would run consecutively. With no indication to the contrary, Lawhon was correct to assume that the sentences would be served concurrently. He did not have the opportunity, therefore, to object to the consecutive sentences until he received the judgment and commitment order. We have often held that an issue not raised at trial cannot be argued on direct appeal. *Ussery v. State*, 308 Ark. 67, 822 S.W.2d 848 (1992). Consequently, Lawhon's first opportunity to raise the issue was in his petition for postconviction relief.

Reversed and remanded for resentencing.