Eddie RODGERS *v.* STATE of Arkansas

CA CR 01-293                                          64 S.W.3d 275

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 19, 2001

---

*William R. Simpson, Jr.*, Public Defender; *Don Thompson*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Attorney General, by: *Lauren Elizabeth Heil*, Assistant Attorney General, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Eddie Rodgers, was convicted of aggravated assault by a jury for shooting a gun at Bryant Young, who had come to his house to take his younger sister out on a date. During the sentencing phase of the trial and over the State's objection, pursuant to Ark. Code Ann. § 16-97-101(4) (Supp. 2001), the trial judge, in his discretion, instructed the jury that it could recommend an alternative sentence of probation. He pointed out that any such recommendation would not be binding on the court. However, the jury returned with a sentence of three years in the Arkansas Department of Correction and a $5,000 fine, which the trial court accepted.

After sentencing had been pronounced, appellant's counsel asked the trial judge if he would consider setting aside the jury's sentence of three years in prison and placing appellant on three years' probation if appellant agreed to pay the $5,000 fine in a shorter period of time. The deputy prosecuting attorney requested that the trial judge follow the jury's recommendation. The trial judge responded that "had the jury recommended [probation], I probably would, but I have not gone against a jury yet and I don't think this would be the appropriate time to start." Appellant now appeals, arguing that the trial court erred in failing to exercise his discretion by refusing to place appellant on probation after the jury had sentenced him to three years in the Department of Correction. We affirm.

In support of his argument, appellant cites *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), and *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d (1985). However, both of these cases are distinguishable from the present case. The issue in those cases was whether the trial judge abused his discretion with regard to ordering sentences to run consecutively or concurrently; an issue that is solely the trial judge's decision. *See* Ark. Code Ann. § 5-4-403 (Repl. 1997).

In the case at bar, the trial judge exercised discretion in instructing the jury, over the State's objection, that appellant was

eligible for the alternative sanction of probation and that they could recommend that punishment, but that the trial court was not obliged to follow it. He also exercised his discretion after appellant's counsel requested the alternative sentence of probation when he stated that this was not the case to go against the jury's recommended sentence. The trial judge had given the jury the option to recommend probation, and that option was rejected. His unnecessary comment, that he had not yet gone against a jury, does not negate the discretion he had already obviously exercised.

Affirmed.

PITTMAN, JENNINGS, and VAUGHT, JJ., agree.

HART and NEAL, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. I respectfully disagree with the majority and agree with appellant's argument that the trial judge, as a matter of custom, failed to exercise his judicial discretion in sentencing appellant to a term of imprisonment when denying appellant's request to be placed on probation. After the jury found appellant guilty of aggravated assault, the court instructed the jury that it could recommend probation. After deliberation, the jury sentenced appellant to three years imprisonment and a $5,000 fine.

Appellant then requested that the court, instead, place the appellant on three years' probation on the condition that he pay the fine within a shorter period of time. The court denied appellant's request in the following colloquy:

> DEFENSE COUNSEL: Two days of credit. Would the Court consider setting aside the jury's three years in prison and put him on three years' probation on the condition that he pay the $5,000 back in a shorter period of time?
>
> DEPUTY PROSECUTING ATTORNEY: Your Honor, we would ask the Court to follow the jury's recommendation.
>
> THE COURT: [Defense counsel], had the jury recommended that [probation as opposed to imprisonment], I probably would, but I have not gone against a jury yet and I don't think this would be the appropriate time to start.
>
> DEFENSE COUNSEL: Thank you for your consideration.

THE COURT: So that will be the finding of the Court.

Appellant argues that the trial judge erred by failing to exercise discretion vested in him pursuant to Arkansas Code Annotated section 5-4-301(b) and (c) (Supp.1999).[1] In *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), the appellant argued that the trial judge did not exercise his discretion when considering the appellant's request that the sentences recommended by the jury should

---

[1] Ark. Code Ann. § 5-4-301(b) and (c) states as follows:

(b) In making a determination as to suspension or probation, the court shall consider whether:

(1) There is undue risk that during the period of a suspension or probation the defendant will commit another offense;

(2) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution;

(3) Suspension or probation will discount the seriousness of the defendant's offense; or

(4) The defendant has the means available or is so gainfully employed that restitution or compensation to the victim of his offense will not cause an unreasonable financial hardship and will be beneficial to the rehabilitation of the defendant.

(c) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of suspension or probation:

(1) The defendant's conduct neither caused nor threatened serous harm;

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm;

(3) The defendant acted under strong provocation;

(4) There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense;

(5) The victim of the offense induced or facilitated its commission;

(6) The defendant has compensated or will compensate the victim of the offense for the damage or injury that he sustained; ·

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense;

(8) The defendant's conduct was the result of circumstances unlikely to recur;

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another offense;

(10) The defendant is particularly likely to respond affirmatively to suspension or probation;

(11) The imprisonment of the defendant would entail excessive hardship to him or is dependents;

(12) The defendant is elderly or in poor health; or

(13) The defendant cooperated with law enforcement authorities in his own prosecution or in bringing other offenders to justice.

run concurrently. The court in *Acklin* said in pertinent part, "It's my customary rule to run consecutive sentences imposed by jurors, not because it's an expense to the county and not because someone elects to do that; it's just my judgment in the matter that generally that's what the jury intends to do." *Id.* at 881, 606 S.W.2d at 606. Although the supreme court commended the trial judge in *Acklin* for his outspoken candor, they held that nothing in the colloquy indicated that the trial judge exercised his discretion. *Id.*

In *Wing v. State*, 286 Ark. 494, 696 S.W.2d 311 (1985), appellant argued that the trial judge implemented what he perceived the jury wanted rather than exercising his discretion when he ordered the sentences to be served consecutively. In *Wing*, the supreme court noted that the court of appeals was correct in its decision of another case titled *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), which followed *Acklin v. State, supra*, by remanding the case for resentencing, finding that the trial judge tried to implement his perception of what the jury wanted rather than exercising his own discretion; therefore, it was necessary to remand the case in order for the trial judge to make it clear that he was exercising his own discretion and not the discretion of the jury. The trial judge in *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452, stated in part the following:

> If it had been left to me in the first instance, I feel I would have had a lot more leeway to act. I think it is somewhat presumptuous of me to go against a jury verdict. *I have never done that except in a rare case where it's clearly out of line . . . I think if the jury had wished otherwise, they would have noted otherwise.*

*Id.* at 192, 686 S.W.2d at 454. Thus, our courts have determined that in cases where the court maintained that its customary rule is to sentence a person according to the jury's intention or where the court has said it has never gone against the jury's recommendation except in rare cases, the trial court failed to exercise its discretion in sentencing the defendant.

In this case, the judge not only indicated that he was not exercising his discretion but also that he routinely failed to exercise his discretion. Likewise, similar language was used by the trial judges in *Acklin* and *Wing*, where the judges imposed sentences recommended by the jury as a matter of custom or only rarely imposing an alternative sentence than that recommended by the jury. The majority's effort to distinguish these cases is unavailing as the analogy that the majority should have drawn from the cited

cases is clearly apposite. Further, the majority reaches its decision by ignoring parts of the judge's comments. In my view, it is readily apparent from the entirety of the judge's comments that he was refusing to exercise his discretion. Given the judge's remarks, I conclude that the court failed to exercise its discretion in sentencing appellant to a term of imprisonment without considering probation. Therefore, I would reverse and remand for resentencing.

NEAL, J., joins.