Eddie RODGERS *v.* STATE of Arkansas

CR 02-029                    71 S.W.3d 579

Supreme Court of Arkansas
Opinion delivered April 4, 2002

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Eddie Rodgers, was convicted of aggravated assault. This conviction stems from an incident that occurred in late 1999. On December 17, 1999, appellant pointed a gun at Bryant Young's head, threatened to kill him, and then fired a shot into Mr. Young's car.

During the penalty phase of appellant's trial, the trial court instructed the jury that it could recommend that appellant be placed on probation as an alternative to imprisonment. However, the trial court informed the jury that it was not bound to follow its recommendation. The jury chose to sentence appellant to three years' imprisonment and to impose a $5,000 fine. The trial court adopted the jury's sentence.

After sentencing had been pronounced, appellant's attorney asked the trial court to set aside the jury's sentence and to place appellant on probation. The trial court, denying appellant's request, stated "had the jury recommended that, I probably would, but I have not gone against a jury yet and I don't think this would be the appropriate time to start."

Appellant appealed the trial court's ruling to the court of appeals. Citing *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), appellant argued that the trial court erred in failing to

exercise its discretion in deciding whether appellant should have been placed on probation. In a 4-2 decision, the court of appeals affirmed the trial court. *Rodgers v. State*, 76 Ark. App. 245, 64 S.W.3d 275 (2001). The court of appeals chose to factually distinguish *Acklin* from appellant's case. Specifically, the court of appeals determined that *Acklin* was inapposite because *Acklin* involved a trial judge's failure to exercise his discretion in determining whether a defendant was entitled to have his sentences run consecutively or concurrently rather than a trial court's failure to exercise discretion in determining whether a defendant is entitled to probation.

On January 7, 2002, appellant filed a petition for review of the court of appeals' opinion. We granted appellant's petition. Appellant raises one point on appeal. We reverse the trial court and the court of appeals, and remand the matter to the trial court for resentencing.

■ ■ Before addressing appellant's point on appeal, we note that the State argues that the matter was not properly preserved for appellate review. Specifically, the State argues that because appellant failed to object to the imposition of his sentence, he is procedurally barred from raising an issue involving the sentence on appeal. We have held that in order to preserve an argument for appeal there must be an objection in the trial court that is sufficient to apprise that court of the particular error alleged. *Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000). We have further held that we will not address arguments raised for the first time on appeal. *Id.*

■ In the case now before us, appellant made a motion to set aside the jury's sentencing recommendation, thereby asking the trial court to exercise its discretion to place appellant on probation. The trial court denied appellant's motion. On appeal, appellant challenges this ruling. Appellant's motion was sufficient notice of the issue raised on appeal. Accordingly, the State's argument on this issue is misplaced, and the merits of appellant's issue are preserved for appellate review. *See Smallwood v. State*, 326 Ark. 813, 935 S.W.2d 530 (1996) (holding that the denial of a

motion seeking a particular sentence was sufficient preservation of an issue for appeal).

■ ■    In his only point on appeal, appellant contends that the trial court did not exercise its discretion when it denied appellant's request to set aside the jury's sentence and place appellant on probation. We have explained that under our bifurcated trial procedure, the jury fixes punishment following the penalty phase of the trial. *Higgins v. State*, 326 Ark. 1030, 936 S.W.2d 740 (1996). The jury may recommend an alternative sentence such as suspension or probation. *Id.* However, the actual assessment of probation is a matter that lies within the discretion of the trial court. *Id.* We have also noted that in sentencing there must be an exercise of judgment by the trial judge, and not a mechanical imposition of the sentence suggested by the jury in every case. *Lawhon v. State*, 327 Ark. 674, 940 S.W.2d 475 (1997).

Turning now to appellant's point on appeal, he contends that the trial court did not exercise its discretion in denying his request for probation. Specifically, appellant argues that the trial court erroneously allowed the jury to decide the issue of whether appellant should have received probation. Appellant also argues that the trial judge's comments suggest that he routinely delegated this responsibility to the jury. After the trial court had adopted the jury's sentence, the following colloquy took place:

> DEFENSE COUNSEL: Would the court consider setting aside the jury's three years in prison and put him on three years' probation on the condition that he pay the $5,000 back in a shorter period of time?
>
> DEPUTY PROSECUTING ATTORNEY: Your Honor, we would ask the court to follow the jury's recommendation.
>
> THE COURT: Mr. Thompson [defense counsel], had the jury recommended that I probably would, but I have not gone against a jury yet and I don't think this would be the appropriate time to start.

Looking at the statements made by the trial court, we must determine whether it failed to exercise the discretion vested in it

by Ark. Code Ann. § 5-4-301 (b)(c) (Repl. 1997) when it refused appellant's request for probation.[1]

Appellant argues that our reasoning in *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), dictates that this case be reversed and remanded for resentencing. In *Acklin*, the appellant argued that the trial court failed to exercise discretion in sentenc-

---

[1] Arkansas Code Annotated § 5-4-301, in relevant part, provides:

(b) In making a determination as to suspension or probation, the court shall consider whether:

(1) There is undue risk that during the period of a suspension or probation the defendant will commit another offense;

(2) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution;

(3) Suspension or probation will discount the seriousness of the defendant's offense; or

(4) The defendant has the means available or is so gainfully employed that restitution or compensation to the victim of his offense will not cause an unreasonable financial hardship and will be beneficial to the rehabilitation of the defendant.

(c) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of suspension or probation:

(1) The defendant's conduct neither caused nor threatened serious harm;

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm;

(3) The defendant acted under strong provocation;

(4) There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense;

(5) The victim of the offense induced or facilitated its commission;

(6) The defendant has compensated or will compensate the victim of the offense for the damage or injury that he sustained;

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense;

(8) The defendant's conduct was the result of circumstances unlikely to recur;

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another offense;

(10) The defendant is particularly likely to respond affirmatively to suspension or probation;

(11) The imprisonment of the defendant would entail excessive hardship to him or his dependents;

(12) The defendant is elderly or in poor health; or

(13) The defendant cooperated with law enforcement authorities in his own prosecution or in bringing other offenders to justice.

*Id.*

ing him to serve consecutive terms of imprisonment rather than serving concurrent terms of imprisonment. We outlined the trial judge's rationale for imposing consecutive sentences. The judge stated:

> It's my customary rule to run consecutive sentences imposed by jurors, not because it's an expense to the county and not because someone elects to do that; it's just my judgment in the matter that generally that's what the jury intends to do.

*Id.* We noted that nothing in the colloquy indicated that the trial judge exercised his discretion. *Id.* We also explained that the trial judge's comments suggested that he routinely failed to exercise his discretion, but instead imposed the sentence that he perceived the jury intended. We reversed the case and remanded for resentencing. *Id.*

Appellant contends that we followed our holding in *Acklin* in subsequent cases. Specifically in *Wing v. State*, 286 Ark. 494, 696 S.W.2d 311 (1985), we were asked to evaluate the actions of a trial judge to determine whether he failed to exercise his discretion in sentencing. In refusing to run Wing's sentences concurrently, the trial judge stated:

> [M]y practice has been, if it is left to me in the first instance, I try to use my own judgment both as to guilt or innocence, and also as to punishment. . . . But when a case is submitted. . . to a jury, then I think they have the right and the prerogative. . . to view the case in the manner in which they see it. Now, I feel it is somewhat presumptuous for me to interfere with their judgment as long as it is within the guidelines of the law. I think I have no choice. . . but to accept their verdict. . . and direct they run consecutively.

*Id.* We determined that the trial judge was attempting to implement what he perceived the jury wanted rather than exercising his own discretion regarding the sentencing. We reversed and remanded for resentencing. *Id. See also* Wing v. *State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985); *Lawhon v. State*, 327 Ark. 674, 940 S.W.2d 475 (1997) (both holding that the trial judge failed to exercise discretion in sentencing).

■ The trial judge's comments in the case *sub judice* are indistinguishable from the comments made by the trial judge in *Acklin* and those made by the trial judge in *Wing*. The trial judge's comments reflect that he had a custom of imposing the sentence recommended by the jury. We hold that the trial court erred by indicating that it routinely deferred to the jury's sentencing recommendation and in failing to exercise its discretion. Without any implication that the sentence imposed by the trial court was unwarranted, we find it best to reverse and remand this case for resentencing according to the trial court's discretion.

Reversed and remanded.

CORBIN, IMBER, and HANNAH, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I disagree with the majority's conclusion that the trial judge's remarks in this case are indistinguishable from those made by the judges in *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), and *Wing v. State*, 286 Ark. 494, 696 S.W.2d 311 (1985). In *Acklin*, the judge made the following statement in response to defense counsel's request that the sentences run concurrently, because the appellant had five children to support:

> I'm mindful of that, Mr. Holder. And I'm also mindful that . . . he has not been in trouble with the law since 1967. However, I am also mindful that [the appellant] has had no defense to this case and has put the county to substantial expense to try this without a defense which he is entitled to. It's my feeling about it that if you want to see the hole card and go to a jury to see what they will do, then you ought to be willing to run the risk.
>
> There's no defense to this case. There has not been one presented, and it's been an exercise that [the appellant] elected to see what would happen, I guess. . . . It's expensive to see and to look and to try the system. So it's my judgment that he should not be entitled to consideration.
>
> . . . .
>
> He is not being penalized for exercising his right [to a jury trial]. The truth of the matter is that he had no defense to this case. . . . He *could* [not *would*, as the State argues] have gotten the same judgment, the same sentence, the same due process, had he come in here and told the Court that he was guilty.

I am reminded of Judge J. Smith Henley in federal court, where the federal courts do all the sentencing, and all the guilt or innocence is determined by the jury. "If you've got a legitimate defense, come over here and argue it. It won't cost you anything. But if you come over here and waste my time, the jury's time and the taxpayer's money, it may very well cost you something."

I'm not saying that's what I'm doing. *It's my customary rule to run consecutive sentences imposed by jurors*, not because it's an expense to the county and not because someone elects to do that; it's just my judgment in the matter that generally that's what the jury intends to do.

*Id.* at 880–81, 606 S.W.2d at 595 (emphasis added). It is clear from these remarks that the trial judge did not exercise any discretion in running the sentences consecutively. He plainly stated that he had adopted a "customary rule" to impose multiple sentences consecutively in every case. Obviously, there can be no discretion where there is such a mechanical rule. Moreover, despite his denial to the contrary, the judge's remarks demonstrated the very real possibility that he imposed consecutive sentences as a way of further punishing the defendant for wasting the court's time by seeking a jury trial when he had no valid defense. Accordingly, this court had no choice but to remand for resentencing in that case.

Similarly, in *Wing*, 286 Ark. 494, 696 S.W.2d 311, this court remanded for resentencing because the trial judge's remarks demonstrated that he had not exercised any discretion in ordering the sentences to run consecutively. There, Judge Gibson explained:

[M]y *practice* has been, if it is left to me in the first instance, I try to use my own judgment both as to guilt or innocence, and also as to punishment. . . . But when a case is submitted . . . to a jury, then I think they have the right and the prerogative . . . to view the case in the manner in which they see it. Now, *I feel it is somewhat presumptuous for me to interfere with their judgment as long as it is within the guidelines of the law. I think I have no choice . . . but to accept their verdict . . .* and direct they run consecutively.

*Id.* at 496, 696 S.W.2d at 312 (emphasis added). *See also Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985) (similar com-

ments from the same Judge Gibson). Again, as with the judge in *Acklin*, Judge Gibson's statements reflect an admitted "practice" of imposing whatever sentence is recommended by the jury and a refusal to "interfere with their judgment." Such a practice negates the use of any discretion.

Here, in contrast, the trial judge's comments indicate only that, as of the date of Appellant's case, the judge had not awarded an alternative sentence of probation where the jury had recommended imprisonment. His exact statement was: "had the jury recommended that, I probably would, but I have not gone against a jury yet and I don't think this would be the appropriate time to start." His use of the word "yet" is telling. It indicates that the judge is aware of his discretionary authority and that he would be willing to go against the jury's recommendation in appropriate cases. Moreover, his statement is merely one of fact as to what action he has taken in past cases. Unlike the judges in *Acklin* and *Wing*, the trial judge here did not announce a "customary rule" or a "practice" that he mechanically applies in every case. Additionally, the fact that the judge followed his initial statement with "I don't think this would be the *appropriate time* to start" demonstrates an exercise of discretion. (Emphasis added.) This statement is reflective of the judge's conclusion that the facts and circumstances of Appellant's case did not warrant a departure from the jury's recommended sentence.

Perhaps even more significant is the judge's use of the word "probably": "had the jury recommended [probation], I *probably* would." (Emphasis added.) This indicates to me that even if the jury had recommended probation, the judge would not have automatically accepted that sentence. In other words, he did not think probation was an appropriate sentence for the violent crime committed by Appellant, even if the jury had recommended an alternative sentence.

I would affirm the sentence in this case, as I cannot say that it is apparent from the judge's remarks that he failed to exercise any discretion in sentencing Appellant. *See Teague v. State*, 328 Ark. 724, 946 S.W.2d 670 (1997); *Durham v. State*, 320 Ark. 689, 899 S.W.2d 470 (1995); *Brown v. State*, 316 Ark. 724, 875 S.W.2d 828

(1994) (collectively holding that this court will remand for resentencing *when it is apparent* that the trial court did not exercise its discretion). The fact that the remarks in this case are susceptible to more than one interpretation negates the conclusion that it is *apparent* that the judge failed to use his discretion.

Moreover, I cannot ignore the fact that the judge in this case is a seasoned one, with many years of experience on the bench. The sentence imposed was not in any way illegal, nor was it imposed mechanically or out of a desire for retribution, as was the case in *Acklin*, 270 Ark. 879, 606 S.W.2d 594, and, to a lesser extent, *Wing*, 286 Ark. 494, 696 S.W.2d 311. Remand in this case is a waste of precious judicial resources, as it is clear to me that the sentence already imposed was based on the judge's discretionary authority. In sum, because it is not apparent that the trial judge failed to use any discretion in sentencing Appellant, we must give him the benefit of the doubt and affirm the sentence. Accordingly, I must dissent. ·

Additionally, I disagree with the way in which the majority has addressed the procedural argument raised by the State. In rejecting the State's argument, the majority relies on the case of *Smallwood v. State*, 326 Ark. 813, 935 S.W.2d 530 (1996), wherein this court held that because the defendant made a motion for concurrent sentences and the motion was denied, no further objection was needed to preserve an argument on appeal that the trial court had failed to exercise its discretion. Under this holding, Appellant's objection is sufficient.

However, the majority ignores the case of *Brown v. State*, 326 Ark. 56, 931 S.W.2d 80 (1996). There, the defendant objected to consecutive sentences on the ground that they amounted to cruel and unusual punishment. On appeal, however, he contended that the consecutive sentences were erroneous because the trial court had failed to use any discretion in imposing them. This court declined to reach the argument on appeal because it was not made below. This court reasoned that "the alleged error should have been called to the attention of the trial court by timely objection or inquiry so that the trial court could be given the opportunity to correct the error." *Id.* at 60, 931 S.W.2d at 83. Under this hold-

ing, Appellant's argument appears to be procedurally barred because he failed to point out the specific error in the trial judge's ruling. In my opinion, this conflict needs to be resolved for future cases.

IMBER and HANNAH, JJ., join in this dissent.