2009 Ark. 507

Anne **THRONEBERRY**, Appellant,

v.

**STATE** of Arkansas, Appellee.

No. CR 09–139.

Supreme Court of Arkansas.

Oct. 22, 2009.

Jeff Rosenzwig, Little Rock and Frank Shaw, Conway, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

ELANA CUNNINGHAM WILLS, Justice.

Appellant Anne Throneberry brings this appeal challenging the circuit court's decision to run her three sentences of imprisonment consecutively, rather than concurrently, after the court of appeals remanded her original appeal for resentencing. *Throneberry v. State*, 102 Ark. App. 17, 279 S.W.3d 489 (2008) (*Throneberry I*). The court of appeals certified the instant appeal to this court in order to address the issue of whether a trial court abuses its discretion by refusing to disclose its reasoning for declining to follow a jury's recommendation of concurrent sentencing and instead ordering that the sentences be served consecutively. We affirm.

Throneberry was charged with capital murder, kidnapping, and hindering apprehension for her role in the 2004 death of her husband, Theodore "Ted" Throneberry. Two other individuals, Mark Holsombach and William Frazier, were also

charged with Ted Throneberry's murder. Holsombach was convicted of capital murder, attempted capital murder, and kidnapping and was sentenced to life imprisonment without parole, twenty-five years' imprisonment with an enhancement of ten years for the use of a firearm, and thirty years, respectively. This court affirmed his conviction and sentences. *Holsombach v. State*, 368 Ark. 415, 246 S.W.3d 871 (2007). According to the court of appeals in *Throneberry I*, Frazier pled guilty "to crimes that are not specified in the record." *Throneberry*, 102 Ark. App. at 19 n. 2, 279 S.W.3d at 491 n. 2.

Anne Throneberry was tried by a Van Buren County jury and convicted of manslaughter, kidnapping, and hindering apprehension. The jury recommended sentences of three years' imprisonment for manslaughter, ten years for kidnapping, and fifteen years for hindering apprehension, with those sentences to be run concurrently. At the original sentencing hearing, however, the circuit court rendered the following decision:

> The question before the court now is whether to accept the recommendation that the jury has presented. Having heard the testimony of this case and the testimony of the two other cases, having the benefit of that information that the jury did not have, I am going to sentence the defendant as recommended to three years in the Department of Correction for manslaughter, ten years in the Department of Correction on the charge of kidnapping, and fifteen years in the Department of Correction for hindering apprehension; however, I am not going to accept the recommendation regarding whether these sentences should be concurrent or consecutive. These sentences will be served consecutively.

After the court pronounced the sentence, Throneberry's attorney, Frank Shaw, asked the court for more specific findings regarding why the court decided to run the sentences consecutively, rather than concurrently, as recommended by the jury. The following colloquy then ensued:

> THE COURT: I will state again what I did before. I have had the benefit of Mr. Holsombach's full trial, I have had the benefit of listening to the testimony that was presented or the plea that was presented in William Frazier's trial, and the testimony that was presented in this trial. That is the basis of my decision.
>
> MR. SHAW: I would submit to the court that it is improper to consider things in this trial that were not part of this trial. Had this been tried to a different court, different judge, which it could have been since it was severed, those factors would not have come into play, and I think the court should reconsider its decision to run these consecutively, and I'm asking the court to reconsider that and follow the jury's recommendation. I realize it is within the court's province to decide between consecutive. I believe concurrent is what the jury recommended, and absent a showing of some type based on what was heard here, I think the court should be bound by those recommendations or at least follow them.
>
> THE COURT: Your motion is denied.

Throneberry appealed to the court of appeals, arguing that the circuit court abused its discretion by overruling the jury's recommendation that her sentences be run concurrently and by running them consecutively instead. The court of appeals agreed, holding that the circuit court abused its discretion when, in making its decision to run her sentences consecutively, it considered evidence that was never

introduced against her at trial. *Throneberry I*, 102 Ark. App. at 22, 279 S.W.3d at 493. The court of appeals concluded as follows:

[T]he record of a co-defendant's case cannot be considered at the sentencing phase of a defendant's separate trial if the co-defendant's record has not been introduced into evidence.

The records of Throneberry's co-defendants were improper factors for consideration at Throneberry's sentencing, and the trial judge's judicial notice of those records, which was the basis of his decision to run the sentences consecutively, constituted an abuse of his discretion to sentence Throneberry to consecutive or concurrent sentences. We reverse and remand for a re-sentencing hearing without consideration of these factors.

*Id.* at 22, 279 S.W.3d at 493.[1]

After the court of appeals' remand, Throneberry filed a "motion for discovery of sentencing factors" in circuit court on September 22, 2008. In the motion, she sought "discovery from the court as to what factors the court will rely on [in] making the consecutive-concurrent decision and from the State on what factors it will urge to be considered." Throneberry relied on "[the court of appeals' decision in] *Throneberry*, federal and state constitutional rights of due process and confrontation, and Rule 17 of the Arkansas Rules of Criminal Procedure." The circuit court held a resentencing hearing on October 27, 2008, at which time it denied Throneberry's discovery motion. The court said that the court of appeals had

made it clear what I am not supposed to consider, and that is, I'm not supposed to consider any testimony and evidence received on trials of Mr. Frazier and Mr. [Holsombach]. I will tell you that I will follow the law as given to me by the appellate court, and I will not consider the testimony of those two other cases; however, I will consider the testimony that was in this case. That's all I can tell you.

Throneberry asked whether the court was "regarding any particular bit of testimony that's particularly persuasive," and the court replied, "I don't think you can just pick and choose little bits of the testimony. I think that you have to take the testimony as a whole." The State then interjected that it did not believe that the court had to specify what facts it was relying on. Throneberry disagreed, noting that she had been charged with capital murder but convicted of manslaughter, which indicated that the jury "thoroughly rejected some of the alleged facts" that the State had adduced at trial. She went on to urge that the jury's rejection of the most serious charge, coupled with the fact that the jury imposed the minimum sentences for both manslaughter and kidnapping and recommended that they run concurrently, clearly spoke to "what the community here wanted for her." The court then ruled as follows:

I'm looking at the opinion of the court of appeals written by Judge Bird, and he sets out what the law is. Multiple sentences of imprisonment imposed on a defendant convicted of more than one offense shall run concurrently unless, upon the recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively. The court is not bound by the jury's recommendation and is not required to explain its reasons for running sentences consecutively. Unfortunately, I did explain the reason that I gave at that time, and they determined that that was an abuse

1. This court denied the State's petition for review.

of discretion. So I told you that I will strike from my consideration on the evidence I heard in the [Holsombach] and the Frazier case. In relying on the testimony in this case, I'm going to find that the sentences be consecutive as previously stated, or as previously ordered, but not for that same reason.

When counsel asked the court if it would "share . . . any specifics on those reasons," the court replied, "No."

On appeal, Throneberry phrases the question presented as whether she "had a right to know the specific evidence on which the judge was relying to supersede the jury's recommendations." She urges that the circuit court's refusal to disclose the evidence on which it relied "violates the spirit of the court of appeals' opinion ordering [the circuit court] not to consider matters outside the Throneberry record." Throneberry also raises an argument concerning her constitutional right to this information, relying on "the right to notice and an opportunity to be heard" under the Fifth and Fourteenth Amendments and article 2, § 8 of the Arkansas Constitution.

The statute governing sentences for multiple convictions, Arkansas Code Annotated section 5–4–403(a) (Repl.2006), provides that

[w]hen multiple sentences of imprisonment are imposed on a defendant convicted of more than one (1) offense, including an offense for which a previous suspension or probation has been revoked, the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively.

The statute makes it plain that the court "is not bound by a recommendation of the jury concerning a sentencing option under this section." Ark.Code Ann. § 5–4–403(d) (Repl.2006).

It is well established that the question of whether sentences should run consecutively or concurrently lies solely within the province of the trial court. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000); *Brown v. State*, 326 Ark. 56, 931 S.W.2d 80 (1996). The exercise of that discretion will not be altered on appeal unless it is clearly shown to have been abused. *Patton v. State*, 281 Ark. 36, 660 S.W.2d 939 (1983). The appellant assumes a heavy burden of demonstrating that the trial judge failed to give due consideration to the exercise of his discretion in the matter of the consecutive sentences. *Pyle, supra; Smallwood v. State*, 326 Ark. 813, 935 S.W.2d 530 (1996).

Although Throneberry acknowledges this burden, she urges that the circuit court here abused its discretion when it "rel[ied] on unspecified information against this defendant . . . [against] which she had no ability to argue . . . because she did not know what it was." She also maintains that the trial court's refusal to disclose the evidence on which it relied "violates the spirit of the court of appeals' opinion ordering it not to consider matters outside the Throneberry record."

Her arguments, however, fail to recognize that this court has repeatedly held that there is "no rule that requires a trial judge to set forth in writing that he has exercised discretion." *Urquhart v. State*, 273 Ark. 486, 489, 621 S.W.2d 218, 220 (1981), nor is there a requirement that the court explain its reason for running sentences consecutively. *Pyle v. State*, 340 Ark. at 61, 8 S.W.3d at 496; *Smallwood, supra; Moore v. State*, 299 Ark. 532, 773 S.W.2d 834 (1989) (no abuse of discretion where the trial court gave no reason for running sentences consecutively other than "the evidence"). Here, as the State points out, the trial court expressly stated that it

was relying solely on the testimony presented in Throneberry's case and was not considering the evidence from the other two trials. Absent any proof—or even any allegation—that the trial court was not being truthful, we cannot say that the court abused its discretion in ordering Throneberry's sentences to run consecutively.

We note several cases in which this court found an abuse of discretion-or a failure to exercise discretion—in a trial court's order for sentences to run consecutively; however, these cases are easily distinguishable from the present appeal. For example, in *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), this court reversed a circuit court where it appeared that the court seemed to have imposed consecutive sentences "either because the defendant asked for a jury trial without any defense or because it was the court's rule to direct that jury sentences run consecutively." *Acklin*, 270 Ark. at 880, 606 S.W.2d at 595. The court had commented that, if a defendant with no real defense were to "come over here and waste my time, the jury's time and the taxpayer's money, it may very well cost you something." The court also stated that it was its "customary rule to run consecutive sentences imposed by jurors . . . [because] it's just my judgment in the matter that generally that's what the jury intends to do." *Id.* This court "commend[ed] the trial judge for his outspoken candor" and said that it would "certainly condemn a resort to silence as a deliberate means of concealing an improper practice." *Id.* The error in the circuit court's ruling in *Acklin*, however, was that it appeared there was no exercise of discretion at all. *Id.*

Similarly, in *Wing v. State*, 286 Ark. 494, 696 S.W.2d 311 (1985), this court held that the circuit court failed to exercise its discretion at all when it made the following comments upon ordering the defendant's sentences to run consecutively:

> [M]y practice has been, if it is left to me in the first instance, I try to use my own judgment both as to guilt or innocence, and also as to punishment. . . . But when a case is submitted . . . to a jury, then I think they have the right and the prerogative . . . to view the case in the manner in which they see it. Now, I feel it is somewhat presumptuous for me to interfere with their judgment as long as it is within the guidelines of the law. I think I have no choice . . . but to accept their verdict . . . and direct they run consecutively.

*Wing*, 286 Ark. at 496, 696 S.W.2d at 312.

In another case styled *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), the circuit judge stated that he felt it was "somewhat presumptuous of me to go against a jury verdict. I have never done that except in a rare case where it's clearly out of line." *Wing*, 14 Ark. App. at 192, 686 S.W.2d at 454. The court of appeals held that the judge had attempted to implement what he perceived the jury wanted, rather than exercising his own discretion. Accordingly, the court of appeals reversed and remanded for resentencing. *Id.* at 193, 686 S.W.2d at 454.

Finally, in *Lawhon v. State*, 327 Ark. 674, 940 S.W.2d 475 (1997), this court ordered resentencing where the circuit judge stated that, because he had not presided over the original trial and sentencing, he felt that he "must ratify the trial court's decision [to run the sentences consecutive], [because he] was in a much better position to have made that determination." *Id.* at 676, 940 S.W.2d at 476. This court held that the circuit court "clearly did not exercise any discretion in his decision to run the sentences consecutively. Rather, he ratified the decision of the trial judge, whose own exercise of discretion . . . is

somewhat in doubt."[2] *Id.* at 676–77, 940 S.W.2d at 476.

In the instant case, as distinguishable from the above cases, the circuit court stated on the record that it had been told by the court of appeals that it could only consider the evidence from Throneberry's trial in making its sentencing decisions, and that was what it was going to do. On appeal, the only reason Throneberry advances to argue that the judge abused his discretion is that the court did not state its reasons for consecutive sentences. We have held, however, that this argument, standing alone, is not sufficient to meet the appellant's heavy burden. *See Pyle, supra.*

Throneberry has also raised a brief argument concerning constitutional due-process rights, citing the Fifth and Fourteenth Amendments and article 2, § 8 of the Arkansas Constitution. However, she fails to present any analysis under these rules, and without further development, we decline to address the merits of her arguments. *See White v. State,* 367 Ark. 595, 242 S.W.3d 240 (2006); *Vidos v. State,* 367 Ark. 296, 239 S.W.3d 467 (2006); *Hathcock v. State,* 357 Ark. 563, 182 S.W.3d 152 (2004).

₁₁Affirmed.

IMBER, J., not participating.

---

**2.** The first judge had apparently adjourned the proceedings at the time he announced that the defendant's sentences would run consecutively, and there was nothing in the record from the sentencing in open court about how the sentences would be served.