SLIP OPINION

Cite as 2017 Ark. 266

# SUPREME COURT OF ARKANSAS

No. CR–16–588

| | |
|---|---|
| LARRY LAVELL JONES | **Opinion Delivered** October 5, 2017 |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-14-618] |
| V. | |
| STATE OF ARKANSAS | HONORABLE MARCIA HEARNSBERGER, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED. |

**JOSEPHINE LINKER HART, Justice**

Larry Lavell Jones pleaded guilty to rape and attempted murder, but elected to be sentenced by a jury. He received consecutive sentences in the Arkansas Department of Correction of life and 720 months, respectively. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court. Rule 4–3(k) (2016), Jones's attorney on appeal has filed a no-merit brief and a motion to withdraw as counsel. The brief asserts that there are no nonfrivolous arguments to be made on appeal. Additionally, Jones has not availed himself of his right to file pro se points. We hold that the brief complies with our rules and *Anders*, *supra*. We affirm Jones's sentence and grant appellate counsel's motion to withdraw.

On September 22, 2014, Jones was fired from his job. He started drinking, and traveled to Hot Springs. There, Jones saw the victim, M.M., sitting in her car outside her place of employment, the Dillard's department store at Hot Springs Mall. Although he had never met the victim before that day, Jones decided to attack her. He walked up to her and

struck her as she was getting into her car, stole her purse, and continued to beat her. He raped her vaginally and anally. In the attack, Jones broke multiple bones in the victim's face, including her jaw. The victim required multiple surgeries to repair her face, including wiring her jaw shut. The victim eventually returned to work on a part-time basis, after several months of recuperation. During the attack, Jones told the victim that he intended to kill her and confirmed this fact in his own testimony; he stated that if someone had not intervened, he might have killed the victim. He also admitted that he had raped the victim. Jones also told the jury he didn't expect mercy and asked the jury to sentence him to the maximum penalty, life in prison plus sixty years. The jury sentenced Jones to a term of life in the Arkansas Department of Correction for rape plus sixty years on the charge of attempted first-degree murder. The circuit court ordered the sentences to be served consecutively.

The first issue that was preserved for appeal is whether a Dillard's employee, Marcie Acker, who observed Jones attacking the victim, should have been allowed to testify how she had been personally affected as a Dillard's employee after the attack. Jones's trial counsel objected to the line of questioning as not relevant because it was outside the scope of permissible victim-impact evidence. We note that the court limited the line of questioning to how the incident affected the witness's work life. Subsequently, Acker testified that it had not affected her at work very much but that it had made her more aware of her surroundings and more apprehensive when she was alone and going to her vehicle.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence. Ark. R. Evid. 401 (2016). Evidence which is not relevant is not admissible. Ark. R. Evid. 402. The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of discretion or absent a showing of prejudice. *Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158. An abuse of discretion lies when the circuit court's decision is rendered improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). The circuit court carefully considered the evidence that the State sought to introduce and carefully limited its scope. The decision rendered by the circuit court was well within the bounds of its discretion. Accordingly, an appeal of this issue would be wholly frivolous.

The next adverse ruling followed on an objection made by Jones's trial counsel concerning the admission of additional photos of the victim's injuries. Counsel argued that the additional photos were cumulative and prejudicial. The State countered that the photos were different from each other, showing different injuries or the same injuries more clearly. After a thorough review, the circuit court overruled the objection. It found that the pictures "all have some differences to them." Furthermore, the court accommodated a request by Jones's trial counsel that the sponsoring witness identify the differences in the photos as a condition to having them being introduced into evidence. No further objections were made.

As with the victim–impact testimony, the decision to admit evidence lies within the sound discretion of the circuit court. *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001). When photographs are helpful to explain testimony, they are ordinarily admissible. *Barnes v.*

*State*, 346 Ark. 91, 55 S.W.3d 271 (2001). Even the most gruesome photographs may be admissible if they assist the trier of fact by shedding light on some issue, by proving a necessary element of the case, by enabling a witness to testify more effectively, by corroborating testimony, or by enabling jurors to better understand the testimony. *Id*. Other acceptable purposes are to show the condition of the victim's body, the probable type or location of the injuries, and the position in which the body was discovered. *Jones v. State*, 340 Ark. 390, 10 S.W.3d 449 (2000). *Id*.

Given the careful review of the photographs by the circuit court and the imposition of specific foundational limitations on the admission of each photo with subject matter arguably similar to a previously admitted photo, we agree that any argument made concerning the circuit court's decision to admit the photos in question would be wholly frivolous.

The last adverse ruling that Jones received was the circuit court's decision to order that his sentences be served consecutively. Arkansas Code Annotated section 5-4-403(a) (Repl. 2013) states,

> When multiple sentences of imprisonment are imposed on a defendant convicted of more than one (1) offense, including an offense for which a previous suspension or probation has been revoked, the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively.

The decision to run the sentences consecutively or concurrently is discretionary with the circuit court, and is reviewed for an abuse of discretion. *See Throneberry v. State*, 2009 Ark. 507, 342 S.W.3d 269.

In the case before us, Jones pleaded guilty to the crimes of rape and attempted first-

degree murder. He requested the maximum sentence in open court. Accordingly, any argument that the circuit court abused its discretion would be wholly frivolous.

Because these adverse rulings do not provide meritorious grounds for reversal and because there are no other nonfrivolous arguments for an appeal, we agree with counsel that an appeal would be wholly frivolous. Additionally, as required by Ark. Sup. Ct. R. 4–3(i), we have examined the record for all objections, motions, and requests made by either party that were decided adversely to Jones, and no prejudicial error has been found.

Affirmed; motion to withdraw granted.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.